THOMAS F. LAND v. BARTHOLOMEW FITZGERALD.

Submitted March 21, 1902—Decided June 9, 1902.

1. There is no implied duty on the owner of a house, which is in an unsafe condition, to inform a proposed tenant that it is in a dangerous condition, and no action will lie against him for an omission to do so in the absence of express warranty or deceit.
2. Where the owner invites another to come upon his premises he is required to use reasonable care to have his premises in a safe condition.
3. An averment in the declaration that the plaintiff was lawfully upon the defendant's premises does not show that he was there with any greater right than that of a mere licensee; the only duty the defendant owed to such a person was to refrain from acts willfully injurious.

On demurrer to *narr.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Young & Arrowsmith.*

For the defendant, *McEwan & McEwan.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration in this case contains three counts.

The first count alleges that the defendant was the owner of a dwelling-house on which he had carelessly constructed and maintained a chimney which was insecure and dangerous by reason of its negligent and improper construction; that the danger was known to the defendant and was not patent or known to the plaintiff; that the defendant rented a portion of the said house to the plaintiff, who entered into possession and was injured in the falling of said chimney.

The second count alleges that the defendant was the owner of a dwelling-house on which he had carelessly constructed and maintained a chimney which was insecure and dangerous; that the danger was known to the defendant, but was not patent or known to the plaintiff; that the plaintiff was upon the premises by the invitation of the defendant, and while so there the said chimney, by reason of its faulty and careless construction, fell upon and injured the plaintiff.

The third count alleges that the defendant was the owner of a dwelling-house on which he had negligently constructed and maintained a chimney which was insecure and dangerous; that the danger was known to the defendant, but was not patent or known to the plaintiff; that the plaintiff was lawfully upon said premises, and while so there the said chimney fell upon and injured him.

To each of these counts the defendant demurred.

Mr. Justice Depue, in his elaborate opinion in *Clyne* v. *Helmes,* 32 *Vroom* 358, shows that it is well settled law that on a demise of a house or lands there is no contract or condition implied that the premises shall be fit and suitable for

the use for which the lessee required them. He cites with approval the declaration of Chief Justice Erle in *Robbins* v. *Jones,* 15 *C. B.* (*N. S.*) 220, that a landlord who lets a house in a dangerous state is not liable to the tenants, customers or guests for accidents happening during the term, for, fraud apart, there is no law against letting a. tumble-down house, and the tenant's remedy is upon his contract, if any.

He also adopted the views of Mr. Justice Dixon in *Mullen* v. *Rainear,* 16 *Vroom* 520, that there is no implied duty on the owner of a house, which is in a ruinous and unsafe condition, to inform a proposed· tenant that it is unfit for habitation, and no action will lie against him for an omission to do so in the absence of express warranty or deceit. In that case the injury was occasioned by the breaking of a balcony connected with the demised premises.

The authority of these cases is fully recognized by the Court of Errors and Appeals in *Delaware, Lackawanna and Western Railroad Co.* v. *Reich,* 32 *Vroom* 635.

To this count the demurrer is well taken; it shows no breach of duty for which an action will lie.

The second count presents a different question. The allegation there is that the plaintiff was upon the premises by the invitation of the defendant, not that the plaintiff was his tenant.

The law is equally well settled that where the entry upon the owner's premises is made by his invitation, either express or implied, he is required to use reasonable care to have his premises in a safe condition. *Phillips* v. *Library Co.,* 26 *Vroom* 307; *Delaware, Lackawanna and Western Railroad Co.* v. *Reich, supra.*

The invitation and the negligence being sufficiently alleged, the second count discloses a good cause of action, and the demurrer should be overruled.

The third count alleges simply that the plaintiff was lawfully upon the premises at the time he was injured.

In *Mathews* v. *Bensel,* 22 *Vroom* 30, Chief Justice Beasley delivered the· opinion of the court, holding that in an action for injuries received in the manufactory of the defendants,

the general allegation that plaintiff was lawfully on the premises is sufficient to show that he was not a trespasser. The facts from which such right proceeds need not be stated. But such general allegation will not show that he was there with greater right than that of a mere licensee.

The right, therefore, which the plaintiff shows by the third count is the right to be upon the premises merely by license.

The only duty which the owner of land owes to a person, who is upon his premises as a licensee only, is to refrain from acts willfully injurious. *Phillips* v. *Library Co., supra; Taylor* v. *Haddonfield Turnpike Co.,* 36 *Id.* 102; *Delaware, Lackawanna and Western Railroad Co.* v. *Reich, supra.*

No injurious act of an intentional or willful character is imputed to the defendant in the third count, and the demurrer to that count is therefore sustained.

Costs will not be allowed to either side.