BERTHA PETERSON AND HERMAN PETERSON, RESPONDENTS, v. LEONARD ZAREMBA, APPELLANT.

Submitted February 17, 1933—Decided April 27, 1933.

34

For the appellant, *Henry K. Golenbeck.*

For the respondents, *Lewis S. Jacobson* (*Thomas L. Hansen,* of counsel).

The opinion of the court was delivered by

LLOYD, J. Appellant was the landlord of the plaintiffs below and was held liable for injuries received by Mrs. Peterson through a fall on a broken stairway used in common with the tenant of another apartment in the building, and which the landlard had promised to repair. The defendant appeals from the judgment and urges as grounds for reversal that a motion for nonsuit should have been granted and that there was error in the admission of certain unproved bills purporting to be for services rendered in the care and cure of Mrs. Peterson.

According to the proofs adduced by the plaintiffs it appeared that in March, 1929, they rented from the defendant the upper flat of a two-family apartment house in Perth Amboy. To the building there was an attic which the plaintiffs were told they could use in common with the family in the lower apartment. Leading to this attic was a common stairway which was then out of repair. The condition of the stairs was called to the attention of the landlord by the plaintiffs at the time of renting and again in June following, and on both occasions the landlord promised to make the necessary repairs. Mrs. Peterson was accustomed to use the attic to dry her laundry and on December 19th, 1929, she

went up for that purpose. As she came down her shoe caught in one of the broken steps and she was thrown to the bottom of the stairs and received the injuries complained of.

It is claimed that there should have been a nonsuit because the promises to repair were so far distant in point of time from the date of the accident as to relieve the landlord from the responsibility implied in his promise which was given for the last time approximately six months before the accident.

There is no doubt of the rule of law that normally a tenant leasing premises assumes the risk of dangers from their unsafe condition. To this rule, however, there are two important exceptions: one, where the defective condition is of a portion of the premises used in common by different tenants, as to which the law imposes a responsibility on the landlord to use reasonable care to maintain the same in a reasonably safe condition (*Johnson* v. *Eagle Brewing Co.,* 75 *N. J. L.* 282; *affirmed,* 77 *Id.* 617), and the other is that where the landlord, upon his attention being called to a defective condition, promises to repair, the risk otherwise assumed by the tenant is transferred to the landlord from the tenant for such reasonable time as may be necessary for the fulfillment of the promise.

In the present case both exceptions may be said to have existed if the plaintiffs' evidence was to be believed. The law imposed a legal duty on the landlord to use reasonable care to keep the common stairway in repair. It of course imposed an obligation to make the repair which the plaintiffs say he had promised.

Whether the time intervening between the promise in June and the accident in December was such an unreasonable time under the circumstances as to constitute the question one of law for the court or one of fact for the jury it is perhaps unnecessary to decide. The court could not in any event have granted a nonsuit in view of the legal obligation imposed on the landlord.

With respect to the bills, it appears that there were two

counts in the complaint: one, alleging the facts already recited and claiming damages for the injuries received by Mrs. Peterson; second, alleging like facts and claiming the damages sustained by Mrs. Peterson for the expense and care required in the treatment of his wife. The bills offered were for the services of physicians and for nursing aggregating $435. There was not the slightest proof of the necessity or fairness of these bills. They did not prove themselves and were improperly admitted. This, however, does not result in reversal of the entire judgment, but only so much thereof as constituted a finding in favor of the husband.

The judgment in favor of Bertha Peterson is affirmed, and the judgment in favor of Herman Peterson is reversed, and as to him a *venire de novo* is awarded.

*For affirmance in part*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal in part*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.