SNOWHITE v. TIDE WATER ASSOCIATED OIL CO. et al.

No. C-1326.

District Court, D. New Jersey.

July 12, 1941.

740

Cole & Cole, of Atlantic City, N. J., for the motion.

Harry Adler and Leroy W. Loder, both of Bridgeton, N. J., opposed.

AVIS, District Judge.

This is a motion made in behalf of defendant Tide Water Associated Oil Company to strike the complaint, the notice stating the reasons to be "that the same fails to state a claim upon which relief can be granted; for the reason that the same fails to set forth a cause of action against this defendant, by reason of the fact that it affirmatively appears from the complaint that the plaintiff was a tenant of this defendant, and as such this defendant owed the plaintiff no duty in regard to the matters and things contained in the complaint, and said complaint fails to allege any duty that this defendant owed the plaintiff under the circumstances disclosed in the complaint."

I think I should first correct erroneous ideas that both counsel apparently have of the practice in this court.

Under the Federal Rules of Civil Procedure, Rule 12(f), 28 U.S.C.A. following section 723c, a party before responding to a pleading may make a motion with relation to "redundant, immaterial, impertinent, or scandalous" matters contained in a pleading, and the court may order such matters stricken.

Rule 12(b) provides that all defenses, in law or in fact, shall be asserted in the responsive pleading, except that certain defenses may be made by motion, among which is "(6) failure to state a claim upon which relief can be granted."

Rule 12(c) provides "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

In all of the above instances the motion is directed to the pleadings, which may include the facts set forth in bills of particulars hereinafter referred to, but no affidavits or other evidence of any character may be used to sustain the motion.

Of course, if a litigant by offering proofs desires to attack the right of the other litigant to recover, the provisions of Rule 56 are controlling. In pursuance of that rule, under the conditions stated therein, either plaintiff or defendant may move for a "summary judgment" and may then offer proof of facts not contained in the pleadings.

It is apparent also that counsel have followed the New Jersey State practice with relation to the demand for, and furnishing of, a bill of particulars.

Rule 12(e) requires the application be made to the court for a bill of particulars or for a more definite statement of the pleadings, and such added information, if any is allowed by the court, becomes "a part of the pleading which it supplements."

If information is desired to prepare for trial, it may be obtained by using the interrogatory (Rule 33) or deposition (Rule 26) provisions of the Federal Rules.

I shall have to consider the present motion upon the complaint alone. The bill of particulars was not obtained in accordance with the rules, and the copy of lease presented to the Court cannot be considered thereunder.

The complaint generally alleges that prior to October 30, 1938, defendant Tide Water Associated Oil Company (hereinafter called Company) was in possession of a tract of land in Bridgeton, New Jersey, and erected thereon a gasoline sales and service station, and installed therein a certain heating system, including boiler, radiators, etc.; that said Company entered into a contract with Herbert H. Conway, Inc., to perform the work and furnish material; that one Horner, as a subcontractor, was employed to actually install the heating apparatus, all being done under the supervision and control of Company. It is claimed that the duty of defendants was to use reasonable care that there should be no hidden danger or defect in materials or installation; that the work was negligently done, specifying negligence in installation and manner of placing automatic aquastat and thermostat, circulator, controls and valves, creating a hidden danger, causing, when operated, a great and excessive amount of steam, creating a great pressure and making an explosion likely.

It is further alleged that on or about September 15, 1938, Company entered into a lease agreement with plaintiff, and plaintiff entered into possession of said land and premises so equipped with boiler and heating plant, etc.

It is further alleged that Company maintained building and heating plant, etc., in a claimed unsafe condition until October 30, 1938, when the boiler, heater and equipment, by reason of the negligence, improper and unsafe condition, construction and installation, and while being used by plaintiff for heating building, exploded with great force, injuring plaintiff, and upon which he brings his suit for damages.

It can be seen that the plaintiff's action is based upon an alleged tort of landlord arising out of the fact that plaintiff was a tenant of Company.

The allegations of the complaint charge negligence. There is no suggestion that Company had knowledge of the defects, nor is there any alleged agreement between the parties by which it is claimed that the landlord agreed to make repairs.

We are bound by New Jersey law in so far as it is applicable to the circumstances at issue.

Naumberg v. Young, 44 N.J.L. 331, 43 Am.Rep. 380, is looked upon as the leading primary case on this subject. It held that the landlord was not responsible for damage alleged to have been sustained by a tenant because of the fact that a boiler and engine on the premises would not perform the work which the tenant desired. The suit was based upon a claimed war-

742

ranty, and the court held there was no liability by reason of the relation itself.

In Murray v. Albertson, 50 N.J.L. 167, 13 A. 394, 7 Am.St.Rep. 787, the same principle is found as to unfitness of premises, and the tenant was held responsible for the rent of property which he had abandoned by reason of the damp and unhealthy condition of the cellar caused by water, in the absence of any false representation or fraudulent concealment on the part of the landlord.

In Clyne v. Helmes, 61 N.J.L. 358, 39 A. 767, plaintiff, a sister of lessee, sued for injuries alleged to have been caused by a falling mantel which the landlord had agreed to make safe. The court held that the promise was without consideration and did not bind landlord for damages to either the lessee or his invitee.

In Land v. Fitzgerald, 68 N.J.L. 28, 52 A. 229, the court held that a landlord was not liable in a case where it was alleged that he had carelessly built and maintained a chimney which was insecure and dangerous by reason of its negligent and improper construction; that the danger was known to the landlord, and was not patent or known to the tenant, and that the tenant was injured by collapse of the chimney. The opinion held that a landlord is not required to inform a proposed tenant that a house is unfit for habitation, and that, lacking fraud, the tenant must be relegated to his contract.

In Peterson v. Zaremba, 110 N.J.L. 529, 166 A. 527, 528, a Court of Errors case, it was held that "normally a tenant leasing premises assumes the risk of dangers from their unsafe condition", but to this principle the court cited two important exceptions:

(1) Where the defective condition is of a portion used in common by different tenants, and (2) where the landlord, his attention being called to a defective condition, promises to repair, the risk otherwise assumed by the tenant is transferred to the landlord for such reasonable time as may be necessary for the fulfillment of the promise.

In Folley v. United B. & L. Ass'n, 117 N.J.L. 54, 186 A. 591, the Supreme Court held that the landlord is not liable for damages caused by lack of repairs, unless obligated so to do by distinct contract; that a promise made after execution of lease cannot be enforced because of lack of consideration.

It is true that where landlord undertakes to make repairs and performs the work negligently, the landlord might be responsible. The following cases held to that principle: LaBrasca v. Hinchman, 81 N.J. L. 367, 79 A. 885; Broame v. New Jersey Conference, 83 N.J.L. 621, 83 A. 901; Meyer v. Lembeck & Betz Eagle Brew. Co., 93 N.J.L. 7, 106 A. 814; Nilsson v. Abruzzo, 107 N.J.L. 327, 153 A. 486.

██ I have been unable to find in the reported cases in New Jersey any decisions relating to latent defects. I assume that is what is charged in the complaint in this case—it is not claimed that the act of the landlord was wilfull. The law relating to the liability for injuries arising from dangerous conditions in demised premises is set forth in 36 Corpus Juris § 874, page 204:

"A landlord who, without covenanting to repair, and without knowledge of latent defects, puts a tenant into full possession and control of demised premises, not intended for public purposes, and which are free from defects of construction constituting a nuisance, will not be liable for personal injuries sustained on the demised premises, by reason of the defective condition thereof, by the tenant, members of his family, employees, guests or invitees, or others entering upon the premises under the tenant's title."

And "While a landlord does not impliedly warrant that premises are safe or fit for purposes for which they are rented, he will be liable for all injuries resulting to the tenant or those under him from latent defects in the premises of which the landlord had knowledge and concealed from the tenant." 36 Corpus Juris, sec. 877, page 206.

██ In a supplemental brief submitted by counsel for plaintiff it is suggested (1) that defendant Company is liable to plaintiff not by reason of the landlord and tenant relationship but irrespective of same on the theory of negligence. Such a conclusion cannot be drawn from the pleadings. The only relationship which could make defendant Company responsible must arise from the relationship of landlord and tenant.

██ (2) It is further claimed in this brief that "landlord having undertaken to remodel the premises had to exercise ordinary care and is liable for its negligence to the plaintiff". No suggestion of this condition as a fact is set out in the complaint. It is impossible to draw such a conclusion

from the facts stated. As a matter of fact paragraph 8 of the complaint charges that plaintiff entered on said land as a tenant "where said boiler and heating plant and heater and equipment had been so constructed and installed".

The motion to strike will be granted, unless plaintiff desires to amend his complaint, in which case a reasonable time will 'be given to make such amendments, which complaint will then be subject to such motion as defendant Company may desire to make.