JOHN K. ESLER, APPELLEE, v. CAMDEN AND SUBURBAN RAILWAY COMPANY, APPELLANT.

Submitted March 17, 1904—Decided June 13, 1904.

1. Refusal to nonsuit for failure of proofs is not error, if the defect was supplied by evidence taken in the progress of the cause.

2. In the trial of an action for damages by the owner of a horse and wagon against a trolley company for damages arising out of a runaway accident, caused by the frightening of his horse by some construction cars being propelled upon the streets of a city, the acts of alleged negligence relied upon by the plaintiff were the propelling in the streets of a car of unusual appearance, calculated to frighten horses, and the negligent conduct of the motorman at the time. At the close of the plaintiff's case a nonsuit was asked on the ground that the plaintiff's witnesses agreed that the horse did not show any fright until the cars came within a few feet of the horse, and that the motorman had the car under control and stopped it before passing the place where the horse stood, and that the use of these cars upon the street at that point was not uncommon. The motion was refused. Later in the trial the motorman testified that he saw the horse begin to show fright while the cars were fifty yards away, and that he at once stopped the car. Another witness testified that the dirt car, at which the horse became frightened, was usually run in the rear, but this time it was in front of the connected cars. Upon review it was held that such error, if any, in the refusal to nonsuit was cured by the later testimony, which made the question one for the jury.

3. In order to maintain an appeal from a District Court under the act providing for such appeals (Pamph. L. 1902, p. 565), the record brought up must show, in addition to the other requirements of the act, a case either agreed upon or settled by the judge, including the determination or judgment of the court, and the copies of the case required to be furnished upon the argument must also show that these requirements have been complied with, or the appeal is liable to dismissal.

On appeal from the Camden District Court.

Before Justices HENDRICKSON and PITNEY.

For the appellant, Nelson Burr Gaskill.

For the appellee, William C. French.

The opinion of the court was delivered by

HENDRICKSON, J.   The plaintiff brought suit against the defendant company and recovered judgment in the Camden District Court for damages to his horse, wagon and harness, resulting from a runaway accident in the city of Camden. The gist of the action was the alleged negligent conduct of the company and its agents in causing the fright of the plaintiff's horse while standing at the corner of cross streets, in charge of a boy, while the plaintiff was vending market truck to the residents in the immediate vicinity.   The particular act of negligence relied on to establish the defendant's liability was the propelling along the street of two cars—the one a box car and the other a dirt car, that were unusual in appearance and such as would be likely to frighten an ordinarily gentle horse—in such a negligent and careless manner as to cause the injury complained of.

An appeal has been taken and a reversal is asked for because of a refusal of the trial judge to nonsuit and to direct a verdict.   It is claimed that the evidence adduced by the plaintiff went no farther than to show that the cars were in the ordinary use of the company at the time and approached the crossing at the usual and ordinary rate of speed, and that they came within eight or ten feet of where the horse and wagon stood before the horse showed signs of fright; and that when he did the motorman at once stopped the cars, which came to a halt about opposite to the horse; and that although some of the witnesses had testified that the appearance of the cars was calculated to frighten horses, it was also developed that the use of them upon the street where the wagon stood, in carrying stone or ties, was not uncommon.

But conceding for the present that a nonsuit at this point should have been granted, we think there was later testimony that justified the court in submitting the case to the jury. Refusal to nonsuit for failure of proofs is not error, if the defect was supplied by evidence taken in the progress of the cause.   *Delaware, Lackawanna and Western Railroad Co.* v.

*Dailey,* 8 *Vroom* 526; *May* v. *North Hudson County Railway Co.,* 20 *Id.* 445. After the refusal to nonsuit in this case the motorman testified that the car was about fifty yards away when he saw the horse was going to get scared. It is true he followed this with a statement that he stopped the car right still. But the other witnesses having testified that he did not stop until within a few feet of the horse, a question was raised as to whether he had exercised proper care in bringing the cars to a stop after he saw the horse was frightened. Under the conflict of the testimony, the question was one for the jury.

There was other evidence produced that in the use of these cars the dirt car was generally in the rear, but this time it was front. It would seem that under *McCann* v. *Consolidated Traction Co.,* 30 *Vroom* 481, the divergence of evidence on this subject-matter raised a question for the jury whether the car in question presented an unusual appearance in the highway, calculated to frighten an ordinarily quiet horse, and whether, if it were such, whether the defendant had exercised reasonable care in its use upon the occasion of the accident.

We are also asked to reverse because the trial judge refused to strike out certain testimony as to the probable effect of such an appearance as the dirt car presented. The objectionable evidence was not responsive—was volunteered—and the motion to strike out should have been granted. But we think this evidence, under the circumstances, was not of a character to mislead the jury, and that the error was harmless. We ought to say in this case that we were inclined to dismiss the appeal because the printed case failed to show any state of the case as agreed to by the counsel or fixed by the judge, as required. Upon examining the record on file—which the court is not required to do—we found that the state of the case was agreed upon by counsel, but contained no record of the verdict and judgment. These defects in the record were sufficient to authorize a dismissal, but were not objected to. And since the act providing for these appeals is recent (*Pamph. L.* 1902, *p.* 565), and the practice thereon has not

become well established, we decided to waive the defect and look into the merits. The result is that the judgment below will be affirmed, with costs.