JACOB H. KATZIN, APPELLEE, v. REBECCA JENNY, AP-
PELLANT.

Submitted July 5, 1906—Decided November 12, 1906.

Under the act providing for appeals from City District Courts to the
    Supreme Court (*Pamph. L.* 1902, *p.* 565), the appellant must
    bring up, with the state of the case, a certified transcript of the
    judgment record in the court below.

On appeal.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the appellant, *Samuel F. Leber.*

For the appellee, *James M. Trimble.*

The opinion of the court was delivered by

PITNEY, J. The briefs deal with this case as if it were
an appeal from a District Court taken pursuant to *Pamph.
L.* 1902, *p.* 565. There is a "state of the case," from which
it may be gathered that in some court an action has been
brought, a trial by jury had and a verdict rendered. What
court entertained the action, and what judgment was rendered
therein, are not made to appear.

The statute referred to declares, in substance, that if either
party in any action or proceeding in any District Court estab-
lished in any city of this state shall be dissatisfied with the
determination or direction of such District Court in matters
of law, such party may appeal to the Supreme Court upon
terms prescribed in the act. Section 2 of the act declares that
"such appeal shall be in the form of a case agreed upon by
both parties or their attorneys," &c. It is implied, although
not expressed in the act, that an appeal shall not be taken
until after final judgment be rendered in the District Court,
and that the record of that judgment shall be transmitted to

the Supreme Court, together with the state of the case. The function of the state of the case is to set forth how the disputed legal questions arose and how they were disposed of in the court below. *O'Donnell* v. *Weiler,* 43 *Vroom* 142, 145. It is analogous to the common law bill of exceptions. But such state of the case does not take the place of the record of the judgment that is under review. Such record should be transmitted, just as the judgment record is returned pursuant to writ of error where that form of review obtains, to the end that the court of review may impress its own judgment upon the record, by way of affirmance, reversal or modification. In *Essler* v. *Camden and Suburban Railway Co.,* 42 *Id.* 180, 182, this court called attention to the fact that in an appeal taken from a District Court under the act of 1902 the failure to bring into this court the record of the judgment below warranted a dismissal of the appeal. In *Boland* v. *Kaveny, Id.* 488, 489, it was said that a transcript of the judgment record should always be brought up.

In the present case, no point of the informality having been taken in the brief of the appellee, an opportunity will be allowed to the appellant to perfect her appeal by bringing up a certified transcript of the judgment record in the court below. If this be done within thirty days the cause may be placed upon the list *de novo* for argument at the next term; unless the appeal be thus perfected within the time specified it will be dismissed, with costs.