RICHARD J. GALVIN, APPELLEE, v. OSTRANDER FIRE BRICK COMPANY, APPELLANT.

Submitted March 20, 1913—Decided June 3, 1913.

1. In appeals from District Courts, where the state of the case does not contain a copy of the judgment record, the appeal will be dismissed.
2. In appeals from District Courts, where the state of the case fails to show the specification required by rule 90 of this court of the determinations or directions of the District Court with respect to which appellant is dissatisfied in point of law, the appeal will be dismissed.

On appeal from the District Court.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Adrian Lyon.*

For the appellee, *Thomas Brown.*

The opinion of the court was delivered by

PARKER, J. The state of the case submitted consists only of the "case agreed on by the parties or their attorneys" as provided in the District Court Appeal act of 1902, page 566. *Comp. Stat., p.* 2016, *pl.* 213b. This, as has several times been held in reported cases, is not sufficient. There must be a judgment record before this court, on which it may impress its ruling of affirmance or reversal; and the absence of such judgment record leads to a dismissal of the appeal. *Essler* v. *Camden and Suburban Railway Co.,* 42 *Vroom* 180, 182; *Boland* v. *Kaveny, Id.* 488, 489; *Kalzin* v. *Jenny,* 45 *Id.* 131; *Nissel* v. *Swinley, Id.* 344; *Smith Company* v. *Oathout,* 46 *Id.* 438. A copy of the judgment record must be furnished to the court. Rule 90.

Appellant has further disregarded rule 90 in failing to submit a copy of the specification of the determinations or

directions of the District Court with which he is dissatisfied in point of law. This rule was promulgated in June, 1907, and referred to in *Kearns* v. *Waldron,* 47 *Vroom* 370, 371. Such specification corresponds to an assignment of errors at common law, and if there be no specification, there is no error assigned, and while the judgment might perhaps be affirmed (see *Champlin* v. *Barthold,* 53 *Id.* 13), the practice has been, in the absence of any specification whatever, to dismiss the appeal. *Sentliffer* v. *Jacobs, ante p.* 128.

The state of the case being defective in both of the particulars mentioned, the appeal will be dismissed.