PHILOMĒNA ALVINO, ADMINISTRATRIX, ETC., RESPOND-
ENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPEL-
LANT.

Submitted March 27, 1922—Decided June 19, 1922.

1. To establish a case of negligence and fix the liability of the de-
fendant, it is incumbent on the plaintiff to prove some fact which
is more consistent with negligence of the defendant than with
the absence of it.   When the plaintiff's evidence is equally con-
sistent with the absence as with the existence of negligence on
the part of the defendant, the plaintiff must fail.   A probability
is not sufficient.   The rule applied to a case of an alleged col-
lision between a motorcycle and a trolley car, in which no wit-
ness was called, who either saw or heard a collision, prevents a
recovery by the plaintiff.   For the facts of the case, see the body
of the opinion.

2. Negligence is a fact which must be shown.   It will not be pre-
sumed.   There is always a presumption against negligence and in
favor of innocence.   The doctrine or maxim *res ipsa loquitur* is
not applicable to the facts of this case.

On appeal from the Supreme Court.

For the appellant, *Lefferts S. Hoffman* and *Joseph
Coult, Jr.*

For the respondent, *William DeLorenzo.*

The opinion of the court was delivered by

BLACK, J.   The only question that is open for discussion
and decision in this case is whether any facts have been
established from which the alleged negligence of the defend-
ant may be reasonably inferred.   The trial court held there
was evidence of such negligence and then submitted the case
to the jury to determine whether negligence ought to be
inferred.   This is the substantial error complained of as a
ground of appeal.   We think it was error for the trial court
to submit this case to the jury, which leads to a reversal of
the judgment.

The suit was brought to recover damages under the Death act, growing out of an alleged collision between a motorcycle and a trolley car. Applying elementary legal principles to the facts of the case, the error in the ruling of the trial court is quite clearly demonstrated. Thus, the truth of the plaintiff's evidence and every inference of fact which can be legitimately drawn therefrom must be admitted on a motion to nonsuit or direct a verdict in favor of the defendant. *Jones* v. *Public Service Railway Co.*, 86 *N. J. L.* 646; *Fox* v. *Great Atlantic, &c., Co.*, 84 *Id.* 726.

Negligence is a fact which must be shown. It will not be presumed. There is always a presumption against negligence. *McCombe* v. *Public Service Railway Co.*, 95 *N. J. L.* 187.

The only presumptions of fact which the law recognizes are immediate inferences from the facts proved. *Price* v. *New York Central Railroad Co.*, 92 *N. J. L.* 429; *McCombe* v. *Public Service Railway Co., supra; Adriance* v. *Schenck Bros.*, 95 *N. J. L.* 185.

Proof of a collision or facts from which a collision could be inferred by a jury does not make out a *prima facie* case of negligence. The doctrine or maxim *res ipsa loquitur* is not applicable. *Conover* v. *Delaware, &c., Railroad Co.*, 92 *N. J. L.* 602.

To establish a case of negligence and fix the liability of the defendant, it is incumbent upon the plaintiff to prove some fact which is more consistent with negligence of the defendant than with the absence of it. *Toomey* v. *London, &c., Railway Co.*, 3 *C. B.* (*N. S.*) 150.

When the plaintiff's evidence is equally consistent with the absence as with the existence of negligence on the part of the defendant, the plaintiff must fail (*Cotton* v. *Wood*, 8 *C. B.* (*N. S.*) 568), because there is always a presumption against negligence and in favor of innocence. *Philadelphia, &c., Railroad Co.* v. *Hummell*, 44 *Pa. St.* 375. A probability is not sufficient. *Searles* v. *Manhattan Railway Co.*, 101 *N. Y.* 661.

Turning to the application of these elementary legal principles to the facts of the case in hand we find the record reveals these undisputed facts. The charge laid in the complaint is the defendant company on the third day of July, 1919, at the corner of the Boulevard and Williams avenue, in the borough of Hasbrouck Heights, N. J., negligently caused its trolley car to collide with a motorcycle, in the side-car of which the decedent was riding, thereby causing his death. No one testified at the trial to having seen or heard any collision. The conductor and motorman were not called as witnesses. The only evidence, that the decedent was riding in the side-car of the motorcycle, was that of his wife, who testified that she saw him get into the side-car before leaving Lodi, about seven-thirty P. M. A half hour later she heard of the injury to him. He died the same night in the hospital. The plaintiff produced three witnesses besides the decedent's wife and a doctor. The defendant one witness. Helen Glindmeyer, who lived about one hundred feet from the corner of Williams avenue, testified she saw a motorcycle being driven along Williams avenue in a westerly direction.

"Q. What is the next thing you heard or remember that you saw?

"A. Well, I just happened to hear a shaking of the house, a sort of grinding noise, but I—well, it sort of startled me, and I looked out; then I saw the dust; and it was not until after the dust subsided that I saw the motorcycle, and I didn't see anybody in it * * * I saw the motorcycle first. Then when I went out I saw the car."

Isabel Vallet testified she knew nothing of an accident until someone came to her house and wanted to use the phone and said there was an "accident."

"Q. Where did you go to, Mrs. Vallet?

"A. I went to see the men lying on the ground. * * * I saw the motorcycle, almost broken down. The back. I think (the trolley car) was moving at the time—no, I think it was. I could not remember now; it is two years almost."

Patrick McCue, an officer, testified that he went to the place of the accident by automobile.

"*Q.* And when you got there whom did you see?

"*A.* Why, I saw those two men that I didn't know lay in the roadside.

"*Q.* Anyone else?

"*A.* I believe I saw Mrs. Vallet there, Miss Longstreet.

"*Q.* Did you see the motorman and the conductor?

"*A.* Yes.   The right wheel of the motorcycle was all dented in."

This is all the testimony in the record that bears on the question of the defendant's negligence. It may fairly be said from this testimony an inference of fact could be drawn that there was a collision between the motorcycle and the trolley car; but, if so, how it happened or who was responsible for the collision is left entirely to conjecture. The record is silent on these essential points.

As a *venire de novo* must issue, it will not be amiss to call attention to the criticism aimed at the charge of the trial judge to the jury on the question of the liability of a passenger for the contributory negligence of the driver of a vehicle in which he was riding. The rule of law as stated by the trial judge was too broad under the case of *Mittelsdorfer* v. *West Jersey, &c., Railroad Co.,* 77 *N. J. L.* 698, and *Schroeder* v. *Public Service Railroad Co.,* 118 *Atl. Rep.* 337. So it was a question of fact for the jury, who was the driver of the motorcycle and who was riding in the sidecar.

We therefore conclude that the judgment of the Supreme Court must be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Black, Katzenbach, White, Heppenheimer, Williams, Gardner, Ackerson, Van Buskirk, JJ.   15.