IDA SOHNIN ET UX. v. CELIA REINGOLD ET UX.

Decided May 17, 1927.

Negligence—Landlord and Tenant—Landlord Had Opened a Trap-door Located on a Back Porch Through Which Plaintiff Had Fallen—Plaintiff Saw Landlord Open the Door—Held, That the Burden of Proof of Negligence is Upon Plaintiff, That Looked at in the Most Favorable Aspect to Plaintiff, Proofs Submitted are "Equally Consistent With the Absence as With the Existence of Negligence on the Part of Defendants"—Nonsuit Sustained.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellants, Isidor Kalisch.

For the respondents, Jacob Schneider.

PER CURIAM.

The plaintiff, Ida Sohnin, brought suit against the defendants to recover compensation for injuries received by her as a result of a fall through a trap-door located upon a porch at the rear of premises owned by the defendants. The husband was joined as a co-plaintiff, and sought to recover compensation for the expenses incurred by reason of his wife's injury and for the loss of her services and society.

The plaintiffs had rented from the defendants the first floor of these premises, and were in the occupation thereof at the time of the accident. The proofs submitted on the part of the plaintiffs showed that in the floor of this porch there was a trap-door, covering steps which led down into a cellar; that the female plaintiff had gone out upon the porch for some undisclosed purpose; that while there, ac-

cording to Mrs. Sohnin's testimony, the landlord, Harry Reingold, opened the trap-door, and that she then fell down into the cellarway. It is evident from this testimony of Mrs. Sohnin that she saw the landlord open the trap-door. Whether he was on the porch when he did so, or whether he was coming up from the cellar, does not appear. The trial court considered that the mere fact that he opened this door, in her presence, and in her sight, was no evidence that in doing so he was guilty of a negligent act; and, as the result of this view, directed a judgment of nonsuit.

In our opinion, the action of the trial judge was entirely justified. The claim of the plaintiffs was that the injuries received by Mrs. Sohnin were the result of negligence on the part of their landlord. In order to entitle them to a verdict, the burden rested upon them to prove negligence, and, in the absence of proof of its existence, it will not be presumed. As was said by the Court of Errors and Appeals in *Alvino* v. *Public Service Railway Co.*, 97 *N. J. L.* 526: "When the plaintiff's evidence is equally consistent with the absence as with the existence of negligence on the part of the defendant, the plaintiff must fail, because there is always a presumption against negligence and in favor of innocence." Looked at in the aspect most favorable to the plaintiffs, the proofs submitted by them are, in the language of the opinion just referred to, "equally consistent with the absence as with the existence of negligence on the part of the defendants."

For this reason, we conclude that the judgment under review should be affirmed.