JOHN ZYK, PLAINTIFF-APPELLEE, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 17, 1935—Decided September 20, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, Perkins, Drewen & Nugent (Randolph Perkins and John Drewen, of counsel).

For the appellee, Morris Edelstein (Morris Perlman, of counsel).

PER CURIAM.

The plaintiff below sued on a group disability insurance policy issued by the defendant to the employes of the Martin Dennis Company, of which plaintiff claimed to be one, under the terms of which policy he was entitled to an indemnity of $25 per week for thirteen consecutive weeks if, after being employed by the company for eleven years, he contracted sickness and was "thereby wholly and continuously disabled and prevented from performing any and every duty pertaining to his occupation or employment."

His state of demand claimed that while so employed, "on or about December 1st, 1933," he became sick, causing him to become physically incapacitated, and claimed such weekly indemnity for "thirteen consecutive weeks from the date of his illness."

The judge, sitting without a jury, apparently found for the plaintiff, and the defendant appealed; but no copy of the judgment rendered, such as is essential to a review by appeal,

is presented with the state of the case. We have nothing in this respect except the proceedings at the trial taken by the stenographer and these show this and only this: "Judgment reserved awaiting submission of briefs. Judgment in favor of plaintiff for amount of $325, together with costs amounting to $20.85 under date of April 16th, 1935."

Now the rule is that an appeal will be dismissed when a certified copy of transcript of judgment record is not brought up with the state of the case. *Esler* v. *Camden and S. Railway Co.,* 71 *N. J. L.* 180; 58 *Atl. Rep.* 113; *Katzin* v. *Jenny,* 74 *N. J. L.* 131; 65 *Atl. Rep.* 192; *Smith Co.* v. *Oathout,* 75 *N. J. L.* 438; *Calhoon* v. *Buhre, Ibid.* 439; 67 *Atl. Rep.* 1023; *Maccia* v. *Stanzionne,* 84 *N. J. L.* 509; 87 *Atl. Rep.* 75; *Calvin* v. *Ostrander Fire Brick Co.,* 84 *N. J. L.* 530; 87 *Atl. Rep.* 84.

It would seem, therefore, that the appeal must be dismissed, and such will be the order.

We remark, however, that in the examination of the case we have had occasion to look at the points made by the appellant which is desired considered, and this we have done without reference to the question whether such points were properly grounded and assigned. They are: (1) That the trial judge erroneously held, without any competent evidence to support its finding, that the plaintiff while in the employ of Martin Dennis Company, was wholly and continuously prevented from performing any and every duty pertaining to his occupation, by reason of sickness. But there being no finding of facts by the trial judge, and no judgment before us, it is impossible for us to say, even after an examination of the evidence, that the judge erred in such holding. (2) We have looked at the several points made respecting the admission and exclusion of evidence and incline to think that there was no harmful error. (3) We have looked at the point that the trial court erroneously denied defendant's motion at the end of the whole case for the direction of a verdict in its favor, the argument now being, apparently (although no ground for the motion was stated when it was made) that plaintiff was not wholly and continuously disabled, it being contended that the plaintiff performed his

entire duties up until December 22d, 1933, but did no work thereafter because another person had taken his place, and that he did not require nor have the services of a physician until January 12th, 1934. But we incline to think that the evidence pro and con respecting such matters of fact was in such state that it is impossible for us to say that the judge erred in denying the motion.

The appeal will be dismissed.