ELIZABETH WALSH, PLAINTIFF-APPELLEE, v. HACKENSACK WATER COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1935—Decided November 20, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Samuel William Zerman.*

For the appellee, *Morton Isaacs.*

The opinion of the court was delivered by

PERSKIE, J.   Plaintiff, aged seventy-two years, resided with her daughter and son-in-law, tenants of a two-story frame dwelling known as 954 Oak street, in the township of North Bergen, Hudson county, New Jersey.   The Weehawken Building and Loan Association owned the premises.   During the cold spell in the middle of February, 1934, the water in the premises froze.   At the request of the building and loan association the Hackensack Water Company, which supplied water to the inhabitants of the township, sent its employes to remedy the situation.   In so doing it apparently became necessary to inspect the connecting pipes leading to the meter. In order to remove the meter it was necessary to remove the boards which covered the pit that housed the meter.   Defendant denied that its employes entered the premises, the contention being that their work was confined to the outside of the building, and although defendant also denied the right or authority of the particular employes here involved, to enter said premises, nevertheless, the proof is rather convincing—at least it was open to the court to so find, that its employes did enter the premises, did remove the boards to reach the meter, and did use tools to do so, and after removing the meter failed to replace the removed boards and as a result thereof the pit was left open and unguarded.

Thereafter, on February 17th, 1934, the plaintiff went down with a bucket in her hands to get coal to make a fire in the house.   "The light was very dark, it was snowy kind of weather," and as plaintiff turned into the kitchen, to obtain the coal, and opened the door thereof to walk in, she tripped into the uncovered pit.

For the injuries thus sustained she brought this suit and the trial judge rendered judgment of $200 in her favor and against the defendant.

Appellant now argues that it was error for the trial judge to refuse to nonsuit (1) on plaintiff's opening; (2) at the end of plaintiff's case, and (3) it was error to refuse its motion, at the end of the entire case, for a directed verdict. This argument is devoid of merit.   It is elementary that at the time the respective motions were made it was not the

function of the court to weigh the evidence. All the evidence which supports the claim of the party against whom the motion was made must be accepted as true, and he is entitled to the benefit of all legitimate inferences which may be drawn therefrom. Where fair minded men might honestly differ as to the conclusions to be drawn from the facts, whether controverted or uncontroverted, the question at issue should be submitted to the jury. *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392; 168 *Atl. Rep.* 390; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374. The proofs herein clearly required the submission thereof to the jury. The trial judge properly denied the motions.

It is next argued that since defendant's employes were under no obligation to remove the meter—even if they did so—they were not required to replace the boards covering the pit and, that under all events, they were under no obligation to this particular plaintiff on the theory that there was neither privity of estate nor privity of contract between them. This argument is also devoid of merit.

It was open to the trial judge to find, as he did, that defendant did undertake the removal of the meter and it has every earmark of being the necessary and natural thing to have done. It, therefore, became its duty to perform that work, even if it was in the first instance not obliged to do so, in a reasonably careful manner. And as was said in *Nilsson* v. *Abruzzo,* 107 *N. J. L.* 327, 330; 153 *Atl. Rep.* 486, by Mr. Justice Donges, for our Court of Errors and Appeals:

"\* \* \* For failure to do so liability is imposed upon them, not by reason of a duty arising from the contract, but upon the doctrine that one who undertakes to perform such work, even if done gratuitously, and does it negligently. whereby damage results, is liable for such negligence. *La Brasca* v. *Hinchman,* 81 *N. J. L.* 367; *Broame* v. *New Jersey Conference, &c.,* 83 *Id.* 621; *Charney* v. *Cohen,* 94 *Id.* 381."

We have carefully examined all other points argued and no alleged error is made to appear which injuriously affected the substantial rights of the defendant.

Judgment is affirmed, with costs.