CATHERINE VOLLKOMMER, PLAINTIFF-APPELLANT, v. AUGUST G. MENGE, EXECUTOR OF THE ESTATE OF FREDERICK BUGASCH, DECEASED, DEFENDANT-RE-SPONDENT.

Argued May 8, 1935—Decided December 9, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Henry Pass.*

For the respondent, *Robert Carey* and *Harry Lane.*

The opinion of the court was delivered by

HEHER, J.

Plaintiff challenges a nonsuit granted in this action to recover damages claimed to have resulted from the defendant landlord's negligence in the making of repairs to a range and water-back in the demised living apartment.

The evidence tended to establish the following matters of fact: On October 20th, 1932, the tenant advised the landlord that she "feared that the stove was not in good order, that it acted peculiar to" her, "and made a noise and the boiler was not right." Two or three days thereafter, a plumber came to the house, presumably at the direction of the landlord; and it is fairly inferable that he examined the range and attached equipment, but it does not appear that any repairs were in fact made, or that the plumber undertook to do more than inspect the equipment. He left without giving any instruction or imparting any information to the tenant, and did not again return. On the following November 6 the range exploded, and the fragments of the shattered metal struck the plaintiff and rendered her unconscious. She sustained severe lacerations of the head and body.

In this posture of the proofs, plaintiff failed to sustain the burden of making out a *prima facie* case of actionable negligence. While the state of demand alleged an undertaking by the landlord, as a part of the contract of letting, "to make all repairs to the demised premises which should thereafter be called to his attention," there were subsequent allegations, sufficient in themselves, of negligence in the making of repairs to the equipment in question. It is conceded that there was no evidence of an undertaking, in the contract of letting, to make repairs; and we are therefore not called upon to determine the question of liability of the landlord to the plaintiff, who was the tenant's mother and resided in the apartment as a member of the family, for damages resulting to her from the mere failure to perform a contractual obligation to make repairs. See *Clyne* v. *Helmes*, 61 *N. J. L.* 358; *Reilly* v. *Feldman*, 103 *Id.* 517.

Where a landlord undertakes to make repairs to leased premises, he is liable for injuries resulting from the negligence of himself or his servants in the doing of the work,

even though he was under no legal obligation to repair. *LaBrasca* v. *Hinchman*, 81 *N. J. L.* 367; *Broame* v. *New Jersey Conference*, 83 *Id.* 621; *Charney* v. *Cohen*, 94 *Id.* 381; *affirmed*, 95 *Id.* 538; *Nilsson* v. *Abruzzo*, 107 *Id.* 327. Liability in such cases is predicated upon a tort feasance—the misfeasance, as distinguished from non-feasance, for which a mandatary was answerable at common law. *Thorne* v. *Deas*, 4 *Johns.* (*N. Y.*) 84. See, also, *Briggs* v. *Spaulding*, 141 *U. S.* 132; 11 *S. Ct.* 924; 35 *L. Ed.* 662.

But here there was no proof as to what, if anything, the plumber did. It was incumbent upon the plaintiff to prove the asserted cause of action. As pointed out, it is conceded that there was no evidence of a contract to repair; therefore, assuming its sufficiency in law, if such were the case, mere failure to make repairs was not enough. It was requisite that there be proof of negligence in the doing of repair work gratuitously undertaken. Evidence that the plumber visited the premises is not proof that he did anything, much less that he did something negligently. If he did nothing, it was a mere failure to make repairs. Compare *Meyer* v. *Lembeck & Betz Eagle Brewing Co.*, 93 *N. J. L.* 7. When the plaintiff's proofs are equally consistent with the absence as with the existence of negligence on the part of defendant, he has not sustained the burden of proof; there is always a presumption against negligence. *Alvino* v. *Public Service Railway Co.*, 97 *Id.* 526; *McCombe* v. *Public Service Railway Co.*, 95 *Id.* 187.

Yet we have concluded that there should be a new trial. Owing to an erroneous conception of law, held by the trial judge, plaintiff was unduly circumscribed in the presentation of her proofs; and this was undoubtedly the predominant, if not indeed the sole, reason for the nonsuit. The plaintiff, at an early stage of the trial, sought to strike from the state of demand the allegation of an undertaking by the landlord to repair as part of the contract of letting; but the trial judge ruled that this would be tantamount to the pleading of a new cause of action after it had been tolled by the statute of limitations. In this he was in error. The gist of the pleaded cause of action was negligence in the making of repairs, and,

as pointed out, it is wholly immaterial whether the doing of the work was in the discharge of a contractual obligation, or an undertaking voluntarily assumed. See *Rygiel* v. *Kanengeiser,* 114 *N. J. L.* 311; 176 *Atl. Rep.* 605. The case relied on, *Casavalo* v. *D'Auria,* 12 *N. J. Mis. R.* 81; *affirmed,* 113 *N. J. L.* 328, is not in point. There the gravamen of the original complaint was the breach of an alleged duty to maintain a stairway in a reasonably safe condition, while the gist of the cause of action pleaded in the amended complaint was the negligent performance of an assumed duty to make repairs. So the motion to strike out might well have been granted; but, in any event, the allegation should have been treated as mere surplusage.

Moreover, the trial judge mistakenly conceived that section 4 of the Evidence act (*Comp. Slat.* 1910, *pp.* 2217, 2218) barred all evidence of transactions with and statements by the defendant executor. The questions overruled were not designed to elicit evidence of transactions with or statements by the defendant's testator, who was deceased when it is asserted the defendant executor undertook to make repairs, and negligently performed the undertaking.

The questions overruled might quite conceivably have educed evidence of the actual making of repairs to the equipment in question; and from this an inference of negligence might very well be deducible.

Judgment reversed, and a *venire de novo* awarded; costs to abide the event.