ROSE McCARTHY, PLAINTIFF-APPELLEE, v. ELEANOR S. BYE, EXECUTRIX OF THE ESTATE OF CHARLES A. BYE, DECEASED, DEFENDANT-APPELLANT.

Submitted January 29, 1937—Decided April 17, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the appellant, *Durand, Ivins & Carton* (*J. Victor Carton,* of counsel; *Robert V. Carton,* on the brief).

For the appellee, *Charles J. Berkowitz* (*Leo Robbins,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is the defendant's appeal from a judgment based on a jury verdict (so we are told) in the Ocean County Court of Common Pleas of $2,500 in favor of the plaintiff.

We say we are told that such a verdict was returned and judgment entered thereon because that information comes to us in the briefs only of respective counsel. The state of case submitted, beyond the charge of the court, contains no infor-

mation as to the determination of the jury nor does it contain a copy of the judgment, if any, entered. Ordinarily, even though the point is not raised, this should lead to a dismissal of the appeal. *Zyk* v. *Prudential Insurance Company of America,* 13 *N. J. Mis. R.* 714, 715; 180 *Atl. Rep.* 628. To make that disposition of this appeal, however, would place the plaintiff in a position of holding a judgment against defendant, perhaps enforce the payment thereof, and this when that judgment, in our opinion, finds no legal support on the proofs adduced. We, therefore, proceed to the merits.

On September 11th, 1934, plaintiff entered into a written lease with defendant, Eleanor S. Bye, as executrix of the estate of Charles A. Bye, for premises located at 310 Second avenue, Lakewood, New Jersey, for a period of one year commencing October 1st, 1934, at the annual rent of $480, payable in twelve equal monthly payments of $40 on the first day of each and every month. This lease in nowise obligated defendant to either inspect or repair the demised premises. Plaintiff's possession of the premises beyond the expiration of the term of the lease is neither explained nor challenged.

On November 26th, 1935, plaintiff, while leaving the premises through the rear door stepped upon the rear porch; the porch collapsed and she fell some six or eight feet to the floor of the cellar below causing the injuries for which she claims defendant is liable. To enforce that liability plaintiff caused this suit to be instituted against the defendant in her representative capacity as executrix of the estate of Charles A. Bye.

The *gravamen* of the amended complaint (paragraph 3-A), is as follows: "That the defendant, *Eleanor S. Bye,* between October, 1934, and January, 1935, undertook to make *inspection* and *repairs* to the demised premises and she by her servant and/or agent did so negligently and carelessly make inspection and repairs, that the plaintiff, Rose McCarthy, was injured." (Italics ours.)

It is conceded for plaintiff that the basis upon which liability is sought to be fastened upon defendant arises not from the contractual relationship of landlord and tenant but rather

rests upon the well established principle (applicable also between landlord and tenant) that one who undertakes to perform an act, even if not obliged to do so in the first instance, must perform it in a reasonably careful manner. Thus if he performs it negligently, whereby damage results, he is liable for such negligence. *Cf. LaBrasca* v. *Hinchman,* 81 *N. J. L.* 367; 79 *Atl. Rep.* 885; *Nilsson* v. *Abruzzo,* 107 *N. J. L.* 327; 153 *Atl. Rep.* 486; *Walsh* v. *Hackensack Water Co.,* 13 *N. J. Mis. R.* 815; 181 *Atl. Rep.* 422; *Volkommer* v. *Menge,* 116 *N. J. L.* 82; 182 *Atl. Rep.* 347.

What are the facts? They are to be found only in the proofs adduced for the plaintiff; none was offered for the defendant. Plaintiff claimed that the porch collapsed because the studding which supported the porch was in a "decayed condition," the "nails [in the studding] had rusted so that they broke right off."

Plaintiff testified (without specifying the date) that defendant "put in a closet, gas stove, furnace and fixed a pipe leaking in the bathroom, she put a new closet in one of the rooms." "I don't remember that she [defendant] did any more than that." That testimony clearly has no relation to the accident. Another witness testified that some time not stated but between October, 1934, and July, 1935, she "saw a carpenter man around, saw defendant's son do some painting, saw a carpenter repair the garage door and do some work on the back porch." Who was the carpenter? Just what and at whose direction was he on the premises? What did he actually do? How did he do it? What was the negligence? We search in vain for an answer to any one of these questions in the testimony of that witness. It simply is not there. A carpenter is produced; his testimony is that the repairs he made at the direction of the defendant were made when the premises were vacant. That all he did prior to the accident (he repaired same after the accident) was to tighten the rail of the porch; that he also examined the porch and found it to be solid; he jumped on it to test it. The work that this carpenter did was in nowise related to the accident.

At this posture of the proofs (end of plaintiff's case) coun-

sel for defendant made a motion for a directed verdict. In support of that motion it was urged, *inter alia,* that there was no proof to show that any repairs had been made to the porch; that, if repairs were made, there was no proof that they were made negligently; that there was no proof from which a proper inference could be drawn that any negligent act of the defendant, her agent or servant, was "the proximate cause of the accident." This motion was overruled and we think that it is reversible error.

It was incumbent upon the plaintiff to prove that the injuries which she sustained were the result of the defendant's negligence. In the absence of such proof negligence will not be presumed. Even where plaintiff's evidence is equally consistent with the absence as with the existence of negligence on the part of the defendant, the plaintiff must fail, because there is always a presumption against negligence and in favor of innocence. *Alvino* v. *Public Service Railway Co.,* 97 *N. J. L.* 526; 117 *Atl. Rep.* 709; *Sohnin* v. *Reingold,* 5 *N. J. Mis. R.* 562; 137 *Atl. Rep.* 414; *Volkommer* v. *Menge, supra.*

The admission of proof that defendant caused the porch to be repaired after the accident is conceded as bearing only on defendant's liability and not her negligence. *Perry* v. *Levy,* 87 *N. J. L.* 670, 672; 94 *Atl. Rep.* 569. But it is urged that the assumption by the defendant of the obligation to make repairs and inspect the premises affords a basis for an inference of liability in the absence of reasonable exercise of inspection and due care. Support of that principle is based on the cases of *Charney* v. *Cohen,* 94 *N. J. L.* 381; 110 *Atl. Rep.* 698; *affirmed,* 95 *N. J. L.* 538; 112 *Atl. Rep.* 893, and *Broume* v. *New Jersey Conference, &c.,* 83 *N. J. L.* 621; 83 *Atl. Rep.* 901. In the latter case "there was evidence indicating that the landlord retained control of the cesspool for the purpose of cleaning it out." And there was proof from which the jury might have drawn the inference that the improper fastening of the cover of the cesspool was caused by the defendant's servants. In the former case, a deceased husband of plaintiff was a tenant in defendant's apartment

house; he made use in common with other tenants of the facilities provided by the landlord for the hanging of clothes. The landlord had knowledge of the fact that another section of the guard rail had given way—for, he repaired it. It was under these circumstances, plus the fact that the nails holding the rail were rusted and that the rail itself had rotted that the court said that it was inferable from the testimony that the rail was in the language of an inspecting officer, "in a very weak condition." The holding in these cases are clearly without application.

Our careful study of the proofs adduced, together with all proper deducible inferences to be drawn therefrom, fail to disclose any basis upon which actionable negligence could properly be charged against the defendant.

Since this case may be retried, we desire to emphasize the fact that the original complaint is against defendant in her representative capacity, the amended complaint (paragraph 3-A) is against her individually. It is unnecessary for us, at this time, to pass upon this point (it was not raised) or any other question argued.

Judgment is reversed, and a *venire de novo* awarded, costs to abide the event.