Plaintiff as administrator ad prosequendum of Mary Schneider brought suit against the defendants for the wrongful death of plaintiff's decedent, allegedly caused by the negligence of the defendants. The trial court dismissed the action against the defendant Levy and submitted the action against Reed to the jury which returned a verdict in favor of the latter. This appeal is from the judgments in favor of the defendants.
At the time of the dismissal of the action against Levy, the evidence disclosed that at approximately 2 A.M. on December 2, 1944. Levy came out of a tavern and was unable to start his car. He was pushing it in an endeavor to start *Page 221 
it when the front of the Reed car struck the rear of the Levy car. When the impact took place, the Levy car had two wheels on the concrete and two on the dirt shoulder and the lights on the car were lit. Levy did not see decedent pushing his car and did not know as a fact that she was doing so. We fail to find anything in the evidence from which a jury might reasonably draw an inference of negligence, and therefore the dismissal was proper. Alvina v. Public Service R. Co., 97 N.J.L. 526 (E. A. 1922).
As to the judgment entered upon the jury verdict in favor of the defendant Reed, it was argued that the court erred in charging on the question of the contributory negligence of plaintiff's decedent. The complaint was filed on May 17, 1946, the defendant Levy filed an answer on May 9, 1946. The case was tried on December 14, 1948, and the defendant Reed was represented by counsel who took an active part in the trial. At the conclusion of the court's charge, plaintiff's counsel excepted thereto in the following language: "* * * if the court please, during the course of the charge, your Honor referred to the fact that the defendant denies certain things on the question developed in the pleadings, and I'd just like to take exception to your Honor's reference there, because there is no pleading filed by this defendant." The above language does not distinctly state the matter to which he objected and the grounds of the objection. Rule 3:51. After the exception was taken, the court called attention to the fact that an answer was in the file. Assuming that no answer had been filed by Reed setting up as an affirmative defense the contributory negligence of plaintiff's decedent, the plaintiff under the former and the existing practice might have taken advantage of the default but did not do so. From 1946 until 1948 no action was taken, plaintiff went to trial and raised no question with reference thereto until the evidence was closed and the charge delivered. Such delay and failure to take the proper step estopped the plaintiff from effectively taking an exception on this ground. We have considered the other points raised and deem them without merit.
The judgments are affirmed. *Page 222