ANTONIO LABRASCA ET AL. v. ISAAC H. HINCHMAN.

Submitted July 8, 1910—Decided May 19, 1911.

1. Where a landlord undertook to make repairs to the floor of a stable which he had leased to a tenant, and performed the work so negligently that the tenant's horse broke through the floor and was injured, the landlord became liable for the damage regardless of the ulterior question whether under the provisions of the lease he was liable for repairs.

2. Liability in such a case is based not upon the contract between the parties but upon the principle of an implied *assumpsit* to perform a work, voluntarily undertaken, with due care.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiffs, *Herbert C. Bartlett.*

For the defendant, *John F. Harned.*

The opinion of the court was delivered by

MINTURN, J.   The parties to this suit are landlord and tenant, the former having rented certain premises in Cumberland county, upon which was a barn, to the plaintiff.   While using the barn, the floor thereof became out of repair, and the plaintiff, the tenant, spoke to the defendant regarding the condition, and requested him to make the necessary repairs.   This the defendant undertook to do and laid a new floor upon the old beams.   The floor collapsed under one of plaintiff's horses, resulting in the horse's death, and this suit was instituted to recover the value of the animal.   The trial resulted in a verdict for the plaintiff, and thereupon was granted this rule which is intended to present for review the question of the legal liability of the landlord under the facts in the case.

The gravamen of the defence is that since there was no covenant or promise to repair contained in the written lease upon the part of the landlord, no legal obligation can arise which will subject the landlord to liability for an accident which could be avoided by the tenant in the exercise of his conceded duty to make repairs.

The contention loses sight of the real difficulty in the case, for the claim of the plaintiff is not based upon the actual want of repairs which the tenant was under a duty to assume, but upon the tort-feasance of the landlord in undertaking to make the repairs and in doing the work negligently.   The liability, if it exist, therefore, arises entirely *ab extra* the lease between the parties.

The principle of liability involved received its first notable application in the famous adjudication of *Coggs* v. *Bernard* (1703), 2 *Ld. Raym.* 909, where Lord Holt gave expression to the doctrine of misfeasance as applied to the dereliction of a mere volunteer, and this doctrine has since found application in various phases of tort-feasance.   In that case the bailee undertook to carry the hogsheads of wine as a mere volunteer, and did it so negligently that damage resulted.   Liability was not predicated upon a contractual relationship, nor upon the interposition of a consideration or benefit accruing to the bailee, but upon the common law doctrine that one who under-

takes to perform an act, and performs it negligently, whereby damage results, is liable for his misfeasance.

Chancellor Kent enunciated the doctrine in *Thorne* v. *Deas, 4 Johns.* (*N. Y.*) 84, where he says: "By the common law a mandatary or one who undertakes to do an act for another without reward, is not answerable for omitting to do the act, and is only responsible when he attempts to do it, and does it amiss. In other words, he is responsible for a misfeasance, but not for a non-feasance."

Upon a like application of this principle a carrier of passengers has been held liable for a negligent injury to a passenger, although the latter is being carried without compensation, except as we have held in this state where the contract of carriage exempts the carrier from such liability. *Kinney* v. *Central Railroad of New Jersey,* 5 *Vroom* 513; *Steamboat Company* v. *King,* 16 *How.* (*U. S.*) 469; *Rose* v. *Des Moines Railway,* 39 *Iowa* 246; *Todd* v. *Old Colony Railroad,* 3 *Allen* (*Mass.*) 18; *Flint, &c., Railroad Co.* v. *Weir,* 37 *Mich.* 111; *Annas* v. *Milwaukee Railroad Co.,* 67 *Wis.* 46.

In *Gregor* v. *Cady,* 82 *Me.* 131, it is said: "While it is generally true with respect to gratuitous contracts that for non-feasance no action lies, still for misfeasance an action on the case may be maintained, inasmuch as the confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it. If a party makes a gratuitous engagement and actually enters upon the execution of the business and does it amiss through the want of due care by which damage ensues to the other party, an action will lie for this misfeasance."

To the same effect is *Gill* v. *Middleton,* 105 *Mass.* 477.

The case at bar, therefore, presented essentially a question of fact, and the issue was substantially limited to the inquiry, whether the accident was due, as was claimed, to the rotten condition of the beams upon which the defendant laid the planking, a condition which it was claimed was known to the defendant, or which by reasonable inspection might have been made known to him. There was sufficient evidence in the case from which the jury might resolve this question of fact in

favor of the plaintiff, and, having done so, the rule of law we have discussed imposes liability upon the defendant.

The rule to show cause therefore will be discharged.