WILLIAM BROAME, DEFENDANT IN ERROR, v. NEW JER-
SEY CONFERENCE CAMP MEETING ASSOCIATION,
PLAINTIFF IN ERROR.

MARY BROAME, DEFENDANT IN ERROR, v. NEW JERSEY
CONFERENCE CAMP MEETING ASSOCIATION, PLAINT-
IFF IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

1. In reviewing a refusal to nonsuit or direct a verdict, the testi-
mony will be considered in the aspect which is favorable to de-
fendant in error.
2. Where there is a substantial dispute as to the facts, a motion for
direction of a verdict is properly refused.
3. In cases where a landlord may not be held responsible for in-
juries caused by the defective condition of the demised premises
in the absence of an agreement to repair, he is nevertheless liable
where he undertakes to do work on or about a part of the prem-
ises either for compensation or gratuitously, and by reason of the
negligent doing of such work a person in the employ of his lessee
is injured.

On error to the Camden Circuit Court.

For the plaintiff in error, *John Boyd Avis.*

For the defendants in error, *Wescott & Wescott.*

The opinion of the court was delivered by

TREACY, J. These cases were tried together. One was a
suit by a wife for damages for injuries claimed to have been
sustained by her by reason of the defendant's negligence; the
other was a suit by her husband for the damage resulting to
him on account of the injuries to his wife.

The errors assigned are the denial by the trial court of a
motion for a nonsuit and a motion for a direction of a verdict.
On such assignments of error the defendants in error are
entitled to have the testimony considered by us in the aspect
which is favorable to them.

Looked. at from that view point the case presents the following facts: The defendants in error, plaintiffs below, worked as cooks for one Walton, who conducted a hotel owned by the plaintiff in error, known as the Grove House, and which had been sublet to him by the lessee of plaintiff in error. In the performance of her duties, Mary Broame had to hang clothes in the hotel yard. There was a cesspool in the yard over and around which she had to walk while doing this work. At the time of the accident, while so engaged, she stepped on the cover of the cesspool, which was improperly fastened, fell into the pool and was injured. The cesspool was a receptacle for slops from the hotel kitchen and was cleaned out from time to time, as it filled up, by the employes of the plaintiff in error. They had cleaned it out the night before Mrs. Broame was hurt, or the same day. It was Walton's custom to notify the plaintiff in error whenever the pool needed cleaning out. Although by the terms of the lease under which Walton held he was to be responsible for the removal of all slops, the plaintiff in error compelled him to pay half the expense of this work and bore the other half itself. No other persons than the employes of plaintiff in error ever cleaned out the cesspool.

The jury might have found these facts. It might have inferred therefrom that the improper fastening of the cover of the cesspool was done by defendant's servants. If the plaintiff in error undertook to do the work of cleaning out the cesspool under the arrangement testified to by Walton, it would be chargeable with the negligence of its servants. It cannot be said on the testimony in this case that there was not sufficient evidence to support the verdict of the jury. Although the testimony for the plaintiffs was contradicted, all disputed facts must be resolved in their favor on a motion for the direction of a verdict. *McGrath* v. *North Jersey Street Railway Co.,* 37 *Vroom* 312. A trial court cannot direct a verdict where there is a substantial dispute as to the facts or the inferences to be drawn therefrom. *Carroll* v. *Central Railroad Co.,* 52 *Id.* 567.

The plaintiff in error attempts to bring the case *sub judice* within the rule that a landlord is not liable for injuries sustained by a tenant by reason of the defective condition of the demised premises, no obligation to repair being implied by the contract of letting. In the case at bar, there was evidence indicating that the landlord retained control of the cesspool for the purpose of cleaning it out. Even if the landlord is not under any obligation to make repairs, but undertakes to do them gratuitously, he is liable for injuries resulting from the negligence of himself or his servants in making the repairs. *LaBrasca* v. *Hinchman,* 52 *Vroom* 367. In the present case there was evidence indicating that the defendant's servants had committed a positive act of negligence, namely, the improper replacement of the cover of the cesspool.

The judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.