ZELDA CHARNEY, RESPONDENT, v. JACOB COHEN,
APPELLANT.

Submitted March 19, 1920—Decided June 11, 1920.

1. The question of whether a landlord retained control of a balcony and rail, for the general use of the tenants, and whether he used due care under the facts to keep it reasonably safe were jury questions, where the testimony was of a controverted character.

2. It is only where there are no facts in dispute for a jury to consider, or where the testimony evinces the palpable negligence of the plaintiff in view of the knowledge and consciousness of the inherent danger of the act in contemplation that the trial court is warranted in dealing with such a situation as a court question.

3. Where a landlord assumes the performance of a work which he is under no legal obligation to perform, and fails to perform it properly, that fact is evidence for the jury to consider as to the extent of his control where damage results by reason of the disrepair or defective repair of the instrumentality in question.

On appeal from the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the respondent, *William B. Gourley.*

For the appellant, *Benjamin L. Stein* and *Max Schleiner* (of the New York bar).

The opinion of the court was delivered by

MINTURN, J. Isadore Charney, the deceased husband of the plaintiff, who was a tenant in the apartment-house of the defendant, in the city of Paterson, while leaning against the guard rail on the back porch of the second story of the apartment, fell to the ground and was killed by the giving way of the guard rail, while he was engaged in the act of sweeping away the accumulated snow on the balcony, preparatory to

the plaintiff's going out to hang up her washing upon a pulley clothes line, which was attached to the supporting post or pillar of the guard rail, the hook in which was provided for the purpose by defendant.

The balcony was in general use by the tenants for household purposes and for ingress and egress. Upon a prior occasion a son of deceased was leaning against another section of the guard rail, when it gave way without injury to any one, and defendant was notified of the fact, and he thereafter sent a man to repair the damage. An examination of the rail after the accident in question disclosed that two nails holding the rail were rusted, and that the rail itself had rotted at the point where it parted from the post. It was inferable from the entire testimony that the rail was, in the language of an inspecting police officer, "in a very weak condition."

The jury found for the plaintiff, upon an instruction by the trial court concerning defendant's liability based upon the doctrine enunciated in *Gillon* v. *Reilly*, 50 *N. J. L.* 26, and *Buda* v. *Dzuretsko*, 87 *Id.* 34; *Siggins* v. *McGill*, 72 *Id.* 263; *Timlan* v. *Dilworth*, 76 *Id.* 568, and other cases of like tenor in this jurisdiction, declarative of the respective rights and liabilities of landlords and tenants in tenement or apartment-houses, where control is retained by the landlord of the general entrances and passageways of the tenements.

This appeal is predicated upon the theory that the court should have nonsuited or directed a verdict upon the plaintiff's presentation of the case, as well as upon the ultimate record upon which it went to the jury. We think upon the rationale of the cases to which we have adverted, establishing the principle of liability or non-liability, the question of whether the landlord retained control of the balcony and rail for the general use of the tenants, and whether he used due care under the facts to keep it reasonably safe were jury questions where the testimony, as in the case at bar, was of a controverted character. It is only where there are no facts in dispute for a jury to consider, or where the testimony evinces the palpable negligence of the plaintiff in view of the knowledge and consciousness of the inherent danger of the act in

contemplation, that the trial court is warranted in dealing with such a situation as a court question. The cases cited in the brief of the appellant are of this general character. The doctrine is not peculiarly applicable to this class of cases, but is a fundamental rule of procedure. *Ad questionem facti non respondent judices* is the elemental maxim. *Roesel* v. *State,* 62 *N. J. L.* 216; 26 *R. C. L.* 75, and cases cited.

The determinative questions of use, control and reasonable notice of disrepair were here acutely controverted and therefore became jury questions. There is, however, one feature of the case which accentuates the right of the plaintiff to a jury trial, and which has not been adverted to specifically by either party as a determining factor in the case upon the question of control. It was in evidence, as we have stated, that upon a prior occasion when the guard rail gave way the attention of the defendant was called to it, and he sent a man to make the necessary repairs. It may, therefore, for the purposes of this case, be conceded that the defendant under the terms of the contract of hiring, was under no legal obligation to repair or to protect the tenant against obvious defects in the ordinary use of the guard rail, but the fact persists that the defendant actually did assume that obligation, and having assumed the duty to repair he was bound to perform it in a reasonably careful manner; the liability for damages arising from his failure to perform it imposed liability upon him. Such was the rule declared in the case of *La Brasca* v. *Hinchman,* 81 *N.-J. L.* 367, where a landlord who was under no obligation to repair the floor of a stable undertook the duty and performed it so negligently that the floor gave way injuring the tenant's horse. The landlord was there held liable regardless of the provisions of the demise. The doctrine thus enunciated was given its earliest recorded expression by Lord Holt, in the case of *Coggs* v. *Bernard,* 2 *Ld. Raym.* 909, where a mere volunteer undertook to perform a task and performed it negligently. The assumption of this obligation by the landlord would therefore *per se* afford a basis for an inference of liability, in the absence of a reasonable exercise of inspection and due care, and for that reason the refusal of the

trial court to nonsuit and to direct a verdict was legally correct.

We observe nothing of moment in the contention of the defendant that the verdict is null because entered in the absence of the defendant from the court room. There is nothing in the record to support this contention as one of fact, and in the absence of such proof, and without conceding its materiality, we must assume that the verdict was legally rendered, in accordance with the rule which inheres in the maxim *Omnia præsumuntur rite esse acta. Bank of United States* v. *Dandridge,* 12 *Wheat. (U. S.)* 69.

The judgment under review will therefore be affirmed.