HULDA NILSSON, RESPONDENT, v. JOSEPH ABRUZZO ET AL., APPELLANTS.

Submitted May 28, 1930—Decided February 2, 1931.

For the appellants, *Morris & Downing*.

For the respondent, *Dolan & Dolan* and *Joseph Coult*.

The opinion of the court was delivered by

DONGES, J. Plaintiff-respondent brought suit to recover compensation for injuries alleged to have been received through the negligence of the defendants. The trial resulted in a verdict in favor of the plaintiff therein against the defendants-appellants, Joseph Abruzzo and Anna F. Abruzzo, and in favor of the defendant Paul Monevasis against the plaintiff. From the judgment entered thereon against Joseph Abruzzo and Anna F. Abruzzo this appeal is taken.

The complaint alleged that the appellants were the owners of certain premises which they leased to Monevasis, who conducted a public barber shop therein; that plaintiff was in said barber shop as a patron of the lessee; that the defendants owed a duty to plaintiff to maintain the premises in a safe condition; that defendants, disregarding said duty, negligently allowed the premises to become in an unsafe condition and in a state of disrepair; that because of defendants' negligence a large iron wall radiator, affixed to and a part of the premises, became loose and without warning fell on plaintiff, seriously injuring her.

The proofs showed that the owners undertook to make some alterations in the barber shop in order to increase its size. The changes were made in a wall near the rear of the premises. The radiator, weighing about two hundred and fifty pounds, was hung on a bracket affixed to the wall. There was a steam pipe from this radiator to a furnace in the basement, which pipe ran through another wall built at right angles to the wall on which the radiator hung. It was this latter wall, at a point about two feet from where the steam pipe entered the wall, that was altered so as to enlarge the shop. There was testimony from which it might be concluded that these alterations were so negligently done as to cause a settling of the wall, causing the screws holding the

brackets on which the radiator rested to pull out, in consequence of which the radiator fell upon the plaintiff.

The first ground of appeal is that the trial court erred in refusing to nonsuit on plaintiff's opening. The opening is not made a part of the record.

It is objected that the complaint alleges no failure of duty on the part of appellants and that plaintiff could not, in opening, set out the facts relied upon to establish defendants' negligence. It has been held that "an averment in a declaration that plaintiff's injuries resulted directly from the negligence * * * of the defendant without any specification of what constituted the negligence * * * discloses the existence of a cause for action against the defendant." *Savage* v. *Public Service Railway Co.*, 95 *N. J. L.* 432. There was such allegation in this case. The appellants made no objection to the introduction of testimony. Nor did they allege surprise. There is no merit in this ground of appeal.

The second and third grounds of appeal are directed to the refusal of the trial court to grant appellants' motion to nonsuit at the close of plaintiff's case, and to the refusal to direct a verdict in favor of appellants at the close of the entire case.

Some facts are undisputed. It is not disputed that the radiator fell and injured the plaintiff; that it was supported on brackets attached to the wall by screws; and that the screws tore out, causing the radiator to fall. As above stated, there was testimony from which it might be concluded that the manner of removing a part of the wall in close proximity to the radiator caused the wall to settle, and that such settling produced a strain on the steam pipe attached to the radiator, which in turn tore out the screws and allowed the radiator to fall. There was testimony from which it might be found that the alterations were so negligently done that the wall on which the radiator was hung settled and caused the screws to pull out and the radiator to fall.

The argument of appellants proceeds upon the assumption that the landlords were under no duty to make repairs and that, therefore, there can be no liability on their part for

the happening complained of in this case. It may be conceded that appellants were under no duty to either alter or repair the premises, but the fact is that they did undertake to make changes in the walls, and having assumed to make such changes they were bound to perform the work in a reasonably careful manner. For failure to do so liability is imposed upon them, not by reason of a duty arising from the contract, but upon the doctrine that one who undertakes to perform such work, even if done gratuitously, and does it negligently, whereby damage results, is liable for such negligence. *La Brasca* v. *Hinchman,* 81 *N. J. L.* 367; *Broame* v. *New Jersey Conference, &c.,* 83 *Id.* 621; *Charney* v. *Cohen,* 94 *Id.* 381.

There was ample proof to show that the manner of doing the work by the appellants caused the injury.

The motions to nonsuit and to direct a verdict were properly refused.

The fourth, fifth, sixth and seventh grounds of appeal are directed to the charge of the trial judge. An examination of the record discloses that the exceptions taken do not point out the portions of the charge to which exception was desired to be taken. But such as were taken appear to challenge the accuracy of the instruction that a landlord who voluntarily undertakes changes or repairs, may be liable for injury to persons lawfully in the premises resulting from the negligent performance of such work. Assuming the exceptions to be sufficient for the purpose of raising such question on appeal, we are unable to find any error in the court's charge.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.