THE FIRST NATIONAL BANK AND TRUST COMPANY OF
WOODBURY, NEW JERSEY, A CORPORATION, PLAIN-
TIFF, v. WILLIAM C. EVANS, DEFENDANT.

Decided December 24, 1932.

Before HENRY H. ELDREDGE, Circuit Court judge.

For the plaintiff, *Austin H. Swackhamer.*

For the defendant, *Robert J. Tait Paul.*

ELDREDGE, C. C. J. The plaintiff in the above-entitled cause brings suit against the defendant to recover the sum of $2,000 alleged to be due on a certain promissory note made and delivered to the said plaintiff on January 23d, 1930. Defendant in his answer admits all the allegations of the complaint but sets up a counter-claim based upon the following alleged facts.

Prior to September, 1928, the counter-claimant was indebted to the plaintiff in certain sums of money, and to secure a portion of that indebtedness created a bond and mortgage in the sum of $10,000 to the plaintiff covering certain farm land, and to further secure the said indebtedness a fire insurance policy was delivered to the plaintiff at its request under which $8,500 of the said insurance covered real estate subject to the mortgage held by the plaintiff. Title to the property described in the mortgage subsequently, in September, 1928, became vested in the plaintiff as trustee, and it was later conveyed, in December, 1928, by the said plaintiff, trustee as aforesaid, to the W. C. Evans Company. It is alleged that at this time the plaintiff, by its officers and

agents, advised the counter-claimant that the policy of insurance would be properly changed by them to show and protect the interest of all the parties. The policy was always in the possession of the plaintiff, but it failed to have the policy properly endorsed to show its own interest as mortgagee until August 8th, 1929, and failed at all times to have the interest of the W. C. Evans Company as owner endorsed thereon.

A fire occurred in the premises August 24th, 1929, which completely destroyed the building covered by the insurance policy. By reason of the change of ownership not being endorsed on the policy, the insurance company failed to pay the W. C. Evans Company as owner, but by reason of the mortgagee clause paid the plaintiff the amount of its mortgage and took an assignment thereof. The insurance company now holds the counter-claimant's bond in the sum of $20,000, conditioned for the payment of $10,000 and is foreclosing the mortgage.

Counter-claimant alleges that through the failure on the part of the plaintiff to carry out its agreement with him, he was deprived of the opportunity of requiring the insurance company to pay plaintiff in satisfaction of its liability to him the sum of $10,000 and thus procure a reduction of said mortgage by the amount of said payment.

A motion is now made by the plaintiff to strike out the answer and the motion is resisted by the defendant, who filed his affidavit setting forth in greater detail the facts above mentioned and alleging in particular an agreement on the part of the plaintiff bank through its agent to have the policy endorsed in such a manner as "to see that the interest of everyone would be properly protected." Counter affidavits are filed denying such an agreement.

The weight to be given these affidavits will not be passed on by the court in the present proceeding, but raise a question of fact to be decided by a jury. Our question is to determine whether, assuming the facts stated in the defendant's affidavit to be true, he sets up a good cause of action in his counter-claim.

Defendant alleges that while there was no original obligation on the part of the plaintiff to have placed upon the policy an endorsement protecting all parties in interest and while no obligation would have arisen even though the promise had been made if the plaintiff had done nothing, nevertheless when it assumed to perform a gratuitous service for the defendant it rendered itself liable if it negligently performed that service and the defendant suffered injury thereby.

The doctrine upon which this claim is based is firmly established in our law. Chancellor Kent, in *Thorne* v. *Deas, 4 Johnson (N. Y.)* 84, stated the rule thus:

"By common law a mandatary or one who assumes to do an act for another without reward is not answerable for omitting to do the act and is only liable where he attempts to do it and does it amiss. In other words, he is liable for misfeasance but not for non-feasance."

In the case of *LaBrasca* v. *Hinchman,* 81 *N. J. L.* 367; 79 *Atl. Rep.* 885, the court states the same principle in the following language:

"If a party makes a gratuitous engagement and actually enters upon the execution of the business and does it amiss through want of due care, by which damage ensues to another, an action would lie for misfeasance."

To the same effect see *Nilsson* v. *Abruzzo,* 107 *N. J. L.* 327; 153 *Atl. Rep.* 486, decided in 1931.

Applying this principle to the state of facts set up in the counter-claim supported by the defendant's affidavit, it would appear that if a jury should find there existed the alleged agreement on the part of the bank through the action of its officers or agents that it would have the policy endorsed to see that the interest of everyone would be properly protected, and that in so doing months afterward it had only the interest of itself protected and failed to have the interest of the defendant included, then it might properly be found guilty of misfeasance and liable to the defendant therefor.

The motion to strike the counter-claim will be denied.