24 N.J. Super. 55 (1952)
93 A.2d 576
ARMOND J. CARUSO, PLAINTIFF-RESPONDENT,
v.
JOSEPH MONSCHEIN, DEFENDANT-APPELLANT, AND SADIE A. MONSCHEIN AND MAX KRIEGER, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1952.
Decided December 24, 1952.
*56 Before Judges McGEEHAN, JAYNE and CONLON.
Mr. Samuel Milberg argued the cause for defendant-appellant (Mr. George Clott, attorney).
Mr. Jack Prizzia argued the cause for plaintiff-respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff sued to recover for damage done to merchandise in his store, caused by water which leaked from the store roof into the store after a rain storm. His suit was dismissed as to the defendants Sadie A. Monschein and Max Krieger, but proceeded to judgment in his favor against the defendant Joseph Monschein, and the latter appeals.
The plaintiff, as tenant of the store premises, sued Joseph Monschein (hereinafter referred to as the landlord), as owner and landlord, charging that this landlord undertook to repair the roof over the store and the work was done so negligently that water leaked into the store, causing the damage to the merchandise.
From the evidence it appeared that the building contains two stores at street level and two three-room apartments on the second floor. The front of plaintiff's store extends out five feet beyond the front of the overhead apartment, and the roof of the store over this extension forms a five-foot *57 porch for the overhead apartment and has a door leading into the apartment. Water from the main roof drains onto this five-foot roof. The case was tried by the parties on the theory that the plaintiff, as tenant, had the obligation of repairing this roof.
From the plaintiff's testimony, it appeared that he had complained to the landlord on several occasions about the damage he had suffered from water leaking from this small roof into the store premises because of the defective condition of the roof. He explained the defective condition and its cause to the landlord as follows: "* * * the amount of water that seeps onto that little roof  which is actually a tub, because it is inclosed by four walls. There is no other form of the water getting out of that little tub as I call it, because there is one little drain, and it is trying to take care of all that area of water. I told him the only thing to do was to put another safety valve, another drain, from the main building, or the big roof immediately above the stores, or put a hole in the wall of the tub around the small roof which is the sun porch." The plaintiff's offer to "fix it" was rejected by the landlord, who said that "he would fix it." Some work was later done on the roof by a contractor hired by the landlord, and when it was finished the landlord told the plaintiff that "it was fixed" and showed the plaintiff a mechanic's bill for work done on the roof. Shortly thereafter water again leaked from the roof into the plaintiff's store after a rain storm, doing the damage involved in the present suit. There was expert testimony that the condition which caused the water to leak from the small roof into the plaintiff's store was due entirely to improper drainage; that the fixing necessary to overcome this condition required a change in the drainage system; and that the repairs actually made to the roof would not be effective in fixing the defective condition.
The contractor who did the work on the roof testified that his instructions from the landlord were "to give the porch a coat of deck paint, and if there was any loose canvas I should *58 paste it on with tar or any compound that would tighten it up again," and that he was not hired to correct "any drains, leaders or anything else." No claim is made that the painting or the patching of the canvas was done in a negligent manner.
The landlord claims that the trial court erred in denying the motion for dismissal in his favor, which was made at the close of the case.
The first argument advanced in support is that a landlord cannot be held responsible for damage to his tenant's property, resulting from his failure to install additional drains when he was under no legal duty under written lease to do so. Even though a landlord is under no obligation to make repairs on the demised premises, it is well settled law that if such landlord voluntarily makes repairs himself, or by a servant, he is liable for injuries resulting from the negligent manner in which the work is done. La Brasca v. Hinchman, 81 N.J.L. 367 (Sup. Ct. 1911); Vollkommer v. Menge, 118 N.J.L. 360 (Sup. Ct. 1937); 150 A.L.R. 1373; 32 Am. Jur., Landlord and Tenant, § 662. Here the landlord was informed of the defective condition which caused the leakage of water; he voluntarily undertook to repair it, and the repairs he made were ineffective. The landlord informed the tenant that the defective condition had been fixed, and the tenant relied thereon. Under these circumstances, an inference of negligence in the performance of the assumed duty to make repairs was justifiable. It is the duty of the landlord to exercise ordinary care in making such repairs, and as was said in Vollkommer v. Menge, above:
"And this duty is not confined to the work actually done, as distinguished from the work required and undertaken to be done; the tenant is entitled to rely on the sufficiency of such repairs as the landlord has undertaken. The liability of a landlord for ineffective repairs, where he is not bound to make any repairs, is the correlative of the tenant's right to rely on the sufficiency of such repairs as the landlord has voluntarily undertaken."
*59 In further support, it is argued that the promise of the defendant-landlord, after execution of written lease, to make repairs which he was not obligated to make, is without consideration. But this suit was not brought to enforce any covenant or promise to repair. The plaintiff did not seek to predicate the landlord's liability upon a contractual relationship, nor upon the interposition of a consideration or benefit accruing to the landlord, but upon the common law doctrine that any one who undertakes to perform an act, and performs it negligently, whereby damage results, is liable for his misfeasance. LaBrasca v. Hinchman, above.
Last, it is urged that the court erred in charging the jury that the landlord waived provisions of paragraph 14 of the written lease. Suffice it to say that the court made no such charge; the question whether or not the particular provision was waived by the landlord was left to the jury.
The judgment is affirmed.