Edwin K. ATWOOD et al., Appellants,

v.

HUMBLE OIL & REFINING COMPANY, Appellee.

No. 15918.

United States Court of Appeals Fifth Circuit.

May 17, 1957.

Junell & Rehmet, Houston, Tex., for appellants.

Walter B. Morgan, John K. Meyer, Felix A. Raymer, Houston, Tex., Rex G. Baker, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

This is an appeal from an order entered by the Court below of its own motion dismissing with prejudice appellants' (plaintiffs') complaint for their failure to bring it into compliance with Rule 8(a), Fed.Rules Civ.Proc. 28 U.S.C.A. In the course of hearing Humble's (defendant, appellee) motion to dismiss for lack of jurisdiction over the person and the subject matter and for failure to join an indispensable party, together with its motion for a more definite statement under Rule 12(e), F.R.C.P., two pre-trial conferences were held. At the second the Court prepared, but did not enter, a pre-trial order defining the issues as it conceived them and requiring each party to take designated steps directed towards simplifying the case and narrowing the issues for trial. Plaintiffs' assumed obligation to file an amended complaint under the terms of this order was not, in the judgment of the Trial Court, complied with. The only question we consider here is whether, after formulation of the issues in the pre-trial order, the Court properly dismissed the action with prejudice for plaintiffs' failure to file an amended complaint, which was satisfactory to the trial judge.

Plaintiffs began this action by filing a complaint against Humble Oil seeking, inter alia, enforcement of certain terms of two oil and gas leases or cancellation thereof, recovery of approximately $1,-500,000.00 of accrued royalties allegedly held by Humble, the lessee, discovery of certain facts plaintiffs contend were in possession and control of Humble and other related relief.

The original complaint was made up of twenty-three counts occupying forty-

William E. Junell, Houston, Tex., Thomas H. Fisher, Chicago, Ill., George T. Barrow, Houston, Tex., Barrow, Bland,

six pages of the record, together with seventy-four pages of exhibits made a part thereof. The many theories of recovery advanced by plaintiffs and the relief sought evidently made the complaint appear to the Trial Court complex and prolix. A careful reading of the complaint reveals, however, that plaintiffs had charted in detail the course they expected to follow in the prosecution of the various claims alleged, and the brief before us sets out and explains plausibly the contents and purposes of each count and paragraph, together with the relationship thereto of the attached exhibits.

Humble's response to this pleading was its motion to dismiss for lack of jurisdiction over the subject matter and person (based chiefly upon the asserted pendency of state court suits), and for failure to join an indispensable party, together with its motion for a more definite statement. At the first conference, held May 6, 1955, for consideration of this motion the Court expressed its opinion verbally that plaintiffs' complaint did not comply with Rule 8(a), and that they should file an amended complaint which would comply with the Rule. A second pre-trial conference, called at plaintiffs instance, was held September 1, 1955, after which the Court informed the parties by letter that it had prepared a pre-trial order to carry into effect the results of the conference, and which, in the opinion of the Court, "accurately reflected the theories" under which plaintiffs desired to proceed in prosecuting the suit. The proposed order was forwarded to the parties for their approval, or for written reasons for any disapproval.

In this proposed order, the Court reduced to seven and defined the categories of relief it conceived plaintiffs to be seeking, based upon the complaint and oral statements made by the attorneys. It reiterated that "counsel for plaintiff were reminded * * * that the Court had [all along] * * * entertained the view that the plaintiffs' complaint did not comply with Rule 8 in that it failed to set out by a short and plain statement the claims which the plaintiffs as-

serted, and the relief which they demanded * * *" It required Humble to furnish plaintiffs certain information whose discovery was sought in the complaint, upon receipt of which the Court understood plaintiffs would eliminate certain portions of the complaint; and it instructed plaintiffs to gain access to other facts sought by the complaint through "appropriate Federal Rules of Civil Procedure for discovery." And it ordered plaintiffs to file an amended complaint by September 15th.

Plaintiffs promptly wrote the trial judge making specific objections to the proposed order, and simultaneously filed three additional counts advising the judge that "we have undertaken to state as simply, clearly and concisely as possible the claims of plaintiffs as referred to in your proposed Pre-trial Order." The record contains copies of ensuing letters written to the Court by the parties following which the Court caused the Clerk to advise all counsel that the judge had made "the following notation on the calendar sheet * * *":

" 'The defendant having heretofore, by letter of September 19, 1955, furnished plaintiffs the information requested as a result of pretrial conference, the date within which plaintiffs may file an amended pleading in which to state clearly and concisely the nature of their cause of action and the relief sought, is extended to November 7, 1955. No further extensions will be granted.

" 'Clerk will notify counsel.' "

No action having been taken by any party, the Court had the Clerk advise all parties by letter of November 9th as follows:

"The Honorable Ben C. Connally, Judge, has this date made the following notation on the Calendar Sheet, in the above styled action:

"Counsel for plaintiffs having failed to amend his pleading herein to comply with Rule 8(a) requiring a clear, plain and concise statement of the nature of plaintiffs' cause of

action and the relief sought, despite repeated orders of this Court to that effect and continued extensions of the period of time within which counsel was permitted to do so, the action is dismissed of the Court's own motion.

"Clerk will notify counsel. Counsel for defendant will present order to this effect within five days."

 Humble furnished an order drawn in line with the Court's ruling[1] which was duly entered and plaintiffs' motion to set it aside was denied. We do not think the Court was justified under the facts outlined to enter this order, which operates as an adjudication upon the merits. Rule 41(b), F.R.C.P.

We find ourselves unable to agree with the thinking of the Court below which led it to conclude early in the proceedings that the complaint was definitely offensive to Rule 8(a) requiring "a short and plain statement of the claim." The Court did not amplify this conclusion, and we think that no convincing argument can be advanced that the statements in the complaint are not "plain," i. e. that they are not clear and understandable and not free of excessive embellishment. The whole criticism must be, therefore, that the complaint was not sufficiently "short,"—that the averments were not "simple, concise, and direct," Rule 8(d).

██ Brevity is certainly desirable in order that the time of court and counsel may be conserved and the cost of printing minimized. But such considerations do not rank in importance with the right and the duty of a litigant to present his demands through counsel of his own choosing and in a style and form of expression which represent the attorney's honest effort to present the claims according to his own notions of their merits and their strong and weak points. In the mechanics of getting his client's claim before the court, the attorney is allowed a wide latitude,[2] and the claim is "whatever the plaintiff in good faith declares it to be;"[3] and in the functioning of the judicial process, the role of the advocate ranks in dignity and importance with that of the judge.

The latitude referred to is subject, of course, to the requirement that pleadings must conform to established principles as they are defined in applicable statutes, the Rules of Procedure, and authoritative court decisions construing them. Normally, in an adversary proceeding the parties can be counted upon to keep their opponents straight and within the boundaries of these requirements.[4] At all events, it was the duty of the Court below to deal with the pleadings, if possible, in such a way "as to do substantial justice"[5] and to enable the parties to bring

1. The order recites that the complaint was dismissed also under a rule of local practice providing for a dismissal if plaintiff "shall willfully fail or refuse to make ready the case * * * to be placed on the Trial Calendar." The docket entries of the trial judge along with the whole course of the trial show, however, that the sole dereliction charged against plaintiffs was non-observance of Rule 8 and the decision of the case turns exclusively upon construction of that Rule as applied to the facts contained in the record.

2. Cf. Edwards v. E. I. Du Pont, 5 Cir., 1950, 183 F.2d 165, 168, and 71 C.J.S. Pleading § 6, p. 25.

3. Edwards v. E. I. Du Pont, supra.

4. Cf. Cool v. International Shoe Co., 8 Cir., 1944, 142 F.2d 318, 320; Renshaw

v. Renshaw, 1946, 80 U.S.App.D.C. 390, 153 F.2d 310; McCoy v. Providence Journal Co., 1 Cir., 1951, 190 F.2d 760, 766, and Sunbeam Corp. v. Payless Drug Stores, D.C.Cal., 1953, 113 F.Supp. 31, 45.

5. Rule 8(f), F.R.C.P., thus construed by the Supreme Court in Maty v. Grasselli Chemical Co., 1938, 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745:

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between the litigants. They should not raise barriers which prevent the achievement of that end."

And see 2 Moore's Federal Practice, 2d Ed., p. 1711.

the merits of their controversy before the fact-finder for decision.

This the Court could have accomplished by measures as well adapted to the end desired and much less drastic than putting the plaintiffs entirely out of court. Was the complaint redundant, repetitious, argumentative, verbose? If so, the offending portions could be stricken. Did it contain scandalous or impertinent matter? These could be eliminated by like procedure. Rule 12(f) F.R.C.P. Humble evidently did not find these offensive elements in the complaint because it moved for amplification of portions of it rather than for abbreviation.

Moreover, the pre-trial procedures so carefully followed by the Court below afforded ample means by which the issues could be simplified and stripped of all phases which the Court did not consider properly within the ambit of the suit. In fact, after extensive pre-trial hearings the Court reduced the issues it understood to be embraced within the complaint to seven, which it memorialized by a proposed order occupying but six pages in the record. Rule 16, F.R.C.P. empowered the Court to enter this order or one like it with such effect as would have controlled "the subsequent course of the action." [6] But the Court did not enter the order it had so carefully worked out and did not pass specifically upon the objections plaintiffs addressed in writing to the order as drawn and did not specify wherein the additional counts they submitted failed to meet the Court's views.

■ The pleadings, the orders of the Court, and the arguments reflect that the issues involved in this case are many and varied, the amount of money sought is a very large one, the leases involved are long and complicated, and various phases of the cases have been and are being litigated in other courts, and at best a complaint of some length would be required to get all of the contentions presented by such a situation before the Court: [7] "What is a 'short and plain' statement depends of course on the circumstances of the case." 2 Moore's Federal Practice, 2d Ed., p. 1653. There may be cases in which mere verbosity or repetition would justify final dismissal by a trial court, but this is not, in our opinion, such a case. For a trial in conformity with the views here expressed, the order of the Court below is set aside and the cause remanded.

Reversed and Remanded.

6. And see 3 Moore's Federal Practice, 2d Ed., Par. 16.14 and 16.19, pp. 1127–28; and Fowler v. Crown-Zellerbach Corp., 9 Cir., 1947, 163 F.2d 773; Ringling Bros.-Barnum & Bailey Combined Shows v. Olvera, 9 Cir., 1941, 119 F.2d 583; Owen v. Schwartz, 1949, 85 U.S.App.D.C. 302, 177 F.2d 641, 644, 14 A.L.R.2d 1337; Fernandez v. United Fruit Co., 2 Cir., 1952, 200 F.2d 414; Sinclair Refining Co. v. Howell, 5 Cir., 1955, 222 F.2d 637; and Walker v. West Coast Fast Freight, Inc., 9 Cir., 1956, 233 F.2d 939.

Other pertinent language from Moore's Federal Practice, Par. 16.19, pp. 1127–8 provides: "While Rule 16 does not in terms provide that the pre-trial order supersedes the pleadings, and indicates that at times it will not, nevertheless in practice the order sometimes has that effect." Cf. Curto v. International Long-shoremen's & Warehousemen's Union, D.C.Ore., 1952, 107 F.Supp. 805, 809.

Cf., also, the statement from Moore, Par. 16.12, p. 1118: "Since the pre-trial order controls the future course of the action, however, failure to amend the pleadings to reflect the issues stated in the order should be immaterial." Citing Low v. Davidson Mfg. Co., 1940, 7 Cir., 113 F.2d 364. The pre-trial order achieved this result in Owen v. Schwartz, supra.

7. We do not pass on the Court's order that plaintiffs proceed under the discovery provisions of the Rules rather than by their complaint to bring before the Court facts alleged to be peculiarly within defendant's knowledge. The Court can, by interlocutory orders, deal with this phase of the problem.