**Mollie KRIEGER, Appellant,**

v.

**OWNERSHIP CORPORATION, a Corporation of New Jersey.**

**No. 12843.**

United States Court of Appeals Third Circuit.

Argued April 6, 1959.

Decided Aug. 11, 1959.

Rehearing Denied Sept. 29, 1959.

Biggs, Chief Judge, and Hastie, Circuit Judge, dissented on petition for rehearing.

Bernard Chazen, Hoboken, N. J. (Max & Koenig, Jersey City, N. J., on the brief), for appellant.

Vincent D. Enright, Jr., Newark, N. J. (McKeown, Harth & Enright, Newark, N. J., Maurice J. McKeown, Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Was there a genuine issue as to a material fact, which under well-settled principles, precluded the entry of a summary judgment?

In New Jersey, is the invitee of a tenant, injured by reason of a landlord's negligent performance of his express agreement to make repairs to the leased premises, barred from making recovery from the landlord because the invitee is "an utter stranger to the landlord"?

These two issues are presented by this appeal from the Order [1] of the District Court for the District of New Jersey granting summary judgment in favor of defendant, Ownership Corp., Inc., in an action for damages brought by plaintiff, Mollie Krieger.

Federal jurisdiction is based on diversity of citizenship and the requisite jurisdictional amount.[2]

The facts may be summarized as follows:

Defendant on May 25, 1957 was the owner of a one-family residence in Mount Arlington, New Jersey which it had leased to one Mrs. Ida C. Fabricant on May 6, 1957 for a term expiring October 15, 1957. On the evening of May 25, 1957 plaintiff paid a social visit to Mrs. Fabricant at the latter's invitation. During the course of her visit plaintiff fell and was injured in the course of making her exit from the residence. She filed suit against defendant alleging in the first Count of her Complaint that at the time of the accident defendant was in control of the operation and maintenance of the premises; the doorway, stairways, steps and landings used in making her exit were improperly constructed and negligently maintained, and insufficiently and negligently illuminated so as to create a hazard and "hidden trap." In the second Count of her Complaint plaintiff alleged defendant had created and maintained a nuisance, which resulted in her injury.

Defendant filed an answer denying plaintiff's allegations in her complaint.

Subsequently, on September 2, 1958, a pre-trial conference was had before the District Court at which the parties presented and developed their contentions. A "Transcript of Pretrial Conference" was filed on September 5, 1958 together with an "Order Adopting Foregoing Transcript of Pretrial Conference as a Pretrial Order".

1. The Order was filed December 12, 1958 pursuant to the District Court's rendition of its oral opinion.

2. Plaintiff is a resident and citizen of New York; defendant is a New Jersey corporation having its principal office in Dover, New Jersey.

The Transcript read in part as follows:

"Plaintiff was concededly an invited guest of the tenant occupying the entire premises, but the complaint charges that the defendant, concededly the owner of the premises, was in control thereof.

"Plaintiff charges that a portion of the premises, to wit, an exit door and stairway, were so improperly constructed as to constitute a hazard and hidden trap, and that the hazard presented by the condition was enhanced by the improper location of an improper illuminating device, which the landlord and tenant had collaborated in furnishing and installing.

"Plaintiff charges that, more specifically, the landlord of the premises had agreed with the tenant to install a lighting fixture at a proper location to illuminate the place or exit of the premises.

"The tenant, under the terms of this agreement, agreed to and did furnish the fixture; but the plaintiff claims that the landlord placed, or caused it to be placed, at an improper location, and that the fixture and bulb were improper and inadequate.

\* \* \* \* \* \*

"The defendant admits ownership of the premises in question, admits that it was leased to the tenant, who was the invitor of the plaintiff, but it denies the retention of any control over the locus in quo, denies the existence of any trap therein, denies impropriety of construction, and also denies negligence in connection with the premises.

"It further pleads contributory negligence, assumption of risk, and negligence on the part of third parties beyond the control of the defendant, also alleging that plaintiff's status on the premises in question obligated the defendant only to refrain from the commission of willful or wanton harm."

The record establishes that the statements quoted were by way of a summarization by the District Court of the parties' contentions and did not represent any stipulation on their part as to the "facts" detailed.

That that is so is made evident by the stenographic transcript of the subsequent argument on defendant's motion for summary judgment. It discloses that at the outset of that argument the District Court again recounted in summary what was said in the pretrial conference Transcript and counsel for defendant immediately called to its attention that what was said in that Transcript merely represented " \* \* \* plaintiff's contentions, distinguished from the stipulations [as to other matters not related to liability] at the pretrial conference", and the District Court indicated its agreement. In particular, defendant's counsel stated " \* \* \* there has been no affidavit supplied by the plaintiff to substantiate her position that this agreement [to place the light fixture at a proper location with respect to the exit] was in fact in existence between the owner of the premises and the tenant"; and, " \* \* \* that [the agreement] is something I don't think plaintiff can prove at the time of trial. \* \* \* ".

At the juncture stated the District Court declared that "for the purpose of this argument I am going to assume as true all those facts upon which you [plaintiff's counsel] are relying \* \* \* [and] face this legal question squarely irrespective of the facts".

The District Court at the conclusion of the oral argument granted defendant's motion for summary judgment and directed submission of an Order.

In doing so the court made it clear that it premised its disposition on its view that "assuming" an agreement by defendant with its tenant to place the lighting fixture at a proper location and, defendant's failure to do so, plaintiff still could not recover damages for her injuries from defendant "either on the

theory of tort or contract", since she was "an utter stranger to the landlord".[3]

On this appeal plaintiff urges (1) the District Court erred in granting summary judgment on defendant's motion in view of the existence of a genuine issue as to material facts; and (2) she had made out a case by reason of defendant's improper placing of the lighting fixture in breach of its express undertaking to do so and its obligations under the lease.

Defendant's answer to the first contention is that plaintiff failed below to properly raise the existence of a genuine issue as to material facts in the manner required by Fed.R.Civ. 56(e), 28 U.S.C. in that she had failed to file an affidavit based on personal knowledge, setting forth the facts on which she relied in contravention of defendant's motion for summary judgment and its supporting affidavit. "Mere statements or contentions of counsel" with respect to the existence of a factual situation, urges the defendant, may not be accepted in substitution of the affidavits required by Rule 56(e). In support defendant cites Geller v. Transamerica Corporation, D.C. Del.1943, 53 F.Supp. 625, 629, affirmed 3

Cir., 1945, 151 F.2d 534, where it was held that "Where affidavits controvert unverified averments in a complaint, absent the filing of counter-affidavits, I fail to see how genuine issues of fact are created within the meaning of Rule 56 of the Rules of Civil Procedure". Defendant also cites cases in which the trial court rejected attempts to raise factual questions in briefs on the ground that they were not part of the record.

On the score of plaintiff's second contention that she had established a cause of action, defendant replies that in the absence, in a lease, of an express covenant to repair, no duty to do so is imposed on the landlord, and says the lease in the instant case is silent on the question of repairs; further, a landlord, in New Jersey is not liable to an invitee of the tenant for injuries resulting from the breach of a covenant to repair, or for nonfeasance, as distinguished from misfeasance with respect to repairs actually undertaken.

■ Applicable to summary judgment proceedings are these well-settled principles which we had occasion to state in Lawlor v. National Screen Service

---

**3.** In its discussion the District Court said:

"If we assume that the undertaking with respect to the placement of the lighting fixture was a supplement to or modification of the agreement embodied in the lease, and if we assume that there was valid legal consideration therefor, which I will assume for the purpose of this motion, then we are faced at the outset with the question of whether or not the misplacement by the landlord of the fixture constituted a breach of contract or a tort.

"Obviously, if it was a breach of contract, the plaintiff, not being a party to the contract, and the contract by its terms not having been made for the benefit of the plaintiff, she cannot avail herself of a right to obtain damages for breach of contract.

"Now, if it were a tort, then before one can be chargeable with the commission of a tort, it must be shown that he owed a duty to another, to the one who claims damages by reason of the alleged tort.

"Under the cases of New Jersey I can find no authority for a holding that

where A, the owner of real estate, demises the premises completely to B, irrespective of how many traps there may be therein, or of the ruinous condition of the premises, that A owes any duty to C whom B, the tenant, may see fit to invite or induce to come upon the premises.

"Obviously, if the tenant himself had been injured as a result of the claimed tort implicit in the failure to properly place the fixture, it would be a serious question in my mind as to whether the tenant himself could recover. But assuming that the tenant could recover, that right, either on the theory of tort or contract, does not extend to an utter stranger to the landlord, namely, the plaintiff in this case.

"I can find no genuine issue of fact here. I have assumed all the facts which counsel for the plaintiff has referred to in the course of his brief and in his argument, and I have no alternative, it seems to me, but that of granting a motion for summary judgment."

Corporation, 3 Cir., 1956, 238 F.2d 59 at page 65, reversed on other grounds 352 U.S. 992, 77 S.Ct. 526, 1 L.Ed.2d 540:

Summary judgment may be granted only if the pleadings, depositions, admissions on file and affidavits " * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.R.Civ.P. 56(c).

Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party.

Documents filed in support of a motion for summary judgment are to be used to determine whether issues of fact exist and *not* to decide the fact issues themselves.

■ To the foregoing may be added our earlier ruling in Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817, 824 that:

"The law is clear that one who moves for a summary judgment has the burden of demonstrating that there is no genuine issue of fact".

Applying the principles stated we are of the opinion that the District Court erred in granting defendant's motion for summary judgment. Implicit in its disposition of the motion for summary judgment is the District Court's sanction and acceptance of the manner in which plaintiff presented her contentions with respect to material facts which were disputed by defendant, viz., defendant's supplemental agreement with its tenant to install a lighting fixture and its negligent performance.[4] Once the District Court chose to receive plaintiff's contentions there was presented to it genuine issues as to material facts, since defendant had denied their factual existence, and it should have denied defendant's motion for summary judgment. Instead, however, it proceeded to do that which the courts have time and again said it could not do—it decided the fact issues—by "assuming" the facts as plaintiff stated them to be true. When it did so it erred in two respects—one, it "decided" factu-

al issues, and two, it "assumed" facts to be true.

■ We are compelled to the observation that courts should not for the purpose of expeditious disposition of motions for summary judgments "shortcut" such proceedings by "assuming" factual situations. The resolution of issues of fact is a jury question where cases are not tried to the court. As was so well said in Zampos v. United States Smelting, Refining & Min. Co., 10 Cir., 1953, 206 F.2d 171, at page 173:

" * * * The purpose of the rule [Rule 56] is to provide against the vexation and delay which necessarily comes from the formal trial of cases in which there is no substantial issue of fact. It is to permit the expeditious disposition of cases of that kind. *But the procedure is not intended to be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends. And it should be invoked with caution to the end that litigants may be afforded a trial where there exists between them a bona fide dispute of material facts.* Associated Press v. United States, 326 U.S. 1, 6, 65 S.Ct. 1416, 89 L.Ed. 2013 * * *." (Emphasis supplied.)

To the same effect see James v. Honaker Drilling, Inc., 10 Cir., 1958, 254 F.2d 702, 706.

There remains this to be said.

■ Even in the absence of a genuine issue as to any material fact a summary judgment may only be granted where the moving party is entitled to it "as a matter of law".

■ It is undisputed that New Jersey law controls in this action. The District Court held that as a matter of law, [New Jersey law], assuming the facts to be as contended by plaintiff, that she could not, "either on the theory of tort or contract", as "an utter stranger" to the supple-

---

4. Defendant, neither in the proceedings below, nor here, disputes its installation of the lighting fixture.

mental agreement between defendant and its tenant for the proper placing of the lighting fixture, even though defendant negligently placed it, reap the benefits of the agreement or defendant's negligence under it, in her action for damages.

The District Court erred in its view that New Jersey law prevents recovery against a landlord by his tenant's invitee who has been injured by reason of negligent repairs made by the landlord to the leased premises, and that accordingly, defendant, in the instant case, was entitled to summary judgment "as a matter of law" even assuming plaintiff's injury by reason of the landlord's negligent performance of his agreement with his tenant to properly install the lighting fixture so as to illuminate the hazardous condition existing on the leased premises.

Clearly in point is Nilsson v. Abruzzo, 1931, 107 N.J.L. 327, 153 A. 486. There a patron of a barber shop operated by the tenant was injured by reason of repairs negligently made by the landlords. The patron brought suit against the landlords and was awarded damages by a jury. The landlords appealed from the denial by the trial court of their motions for a non-suit and to direct a verdict in their favor.

In affirming the Court of Errors and Appeals of New Jersey said (107 N.J.L. at page 329, 153 A. at page 487):

"The argument of appellants [landlords] proceeds upon the assumption that the landlords were under no duty to make repairs, and that therefore there can be no liability on their part for the happening complained of in this case. It may be conceded that appellants were under no duty to either alter or repair the premises, but the fact is that they did undertake to make changes in the walls, and having assumed to make such changes they were bound to perform the work in a reasonably careful manner.

For failure to do so liability is imposed upon them, not by reason of a duty arising from the contract, but upon the doctrine that one who undertakes to perform such work, even if done gratuitously, and does it negligently, whereby damage results, is liable for such negligence. La Brasca v. Hinchman, 81 N.J. L. 367, 79 A. 885; Broame v. N. J. Conference, etc., 83 N.J.L. 621, 83 A. 901; Charney v. Cohen, 94 N.J.L. 381, 110 A. 698."

It must immediately be stated that defendant on this appeal has not cited a single New Jersey case contra to the holding in Nilsson v. Abruzzo, supra. He has cited cases [5] holding that third persons, injured by reason of failure of landlords to make repairs which they had undertaken to make, cannot recover against the breaching landlord but these cases are inapposite here and to the decision in Nilsson. It might be noted parenthetically that these cases are premised on the distinction drawn in New Jersey cases between "misfeasance" and "non-feasance" on the part of landlords required by their lease or specific independent agreement to make repairs. They hold that breach of an undertaking to make repairs is "non-feasance" which entails no right of recovery to third parties for resulting injury. It may be mentioned parenthetically that in the recent case of Michaels v. Brookchester, Inc., 1958, 26 N.J. 379, 140 A. 2d 199, 201, Chief Justice Weintraub noted that "controversy persists with respect to whether any one other than the tenant may sue" in instances where injury results from the landlord's breach of a covenant with his tenant to repair the leased premises, and noted that the predecessor Court of Errors and Appeals " * * * divided equally on that issue in Colligan v. 680 Newark Ave. Realty Corp., 1944, 131 N.J.L. 520, 37 A.2d 206".

In Snyder v. I. Jay Realty Co., 1958, 53 N.J.Super. 336, 147 A.2d 572, at page

5. Clyne v. Helmes, 1898, 61 N.J.L. 358, 39 A. 767; White v. Ellison Realty Corporation, 1950, 5 N.J. 228, 74 A.2d 401, 404, 19 A.L.R.2d 264. See also Patton v. Texas Co., 1951, 13 N.J.Super. 42, 80 A. 2d 231, 233.

577, in a situation inapposite here, the Court made this observation in discussing an action for damages by a third party, against a landlord, attributed to improperly maintained premises:

"It has become a commonplace to state that the traditional immunities of landowners and occupiers are giving way to the imposition of liability where there is a substantial foreseeability of harm to others likely to enter upon their premises", and noted that " * * * our courts have expanded the duties owed to social guests and licensees * * *."

In Taylor v. New Jersey Highway Authority, 1956, 22 N.J. 454, 126 A.2d 313, at page 317, 62 A.L.R.2d 1211, the guest of a tenant brought action for injuries sustained in a fall on an outside common stairway of a multi-family dwelling against the Authority. In holding that the trial court erred in dismissing the plaintiff's action on grounds not pertinent here the Court said:

"In modern times the [traditional] immunities have rightly, though gradually, been giving way to the overriding social view that where there is foreseeability of substantial harm landowners, as well as other members of society, should generally be subjected to a reasonable duty of care to avoid it. Many recent New Jersey decisions furnish vivid evidence of this trend and the marvelous adaptability of the common law in reshaping old doctrines to meet the needs of our own period in history".

In a later case, Mistretta v. Alessi, 1957, 45 N.J.Super. 176, 131 A.2d 891, at page 892, in discussing generally the status of invitees, the Court said:

"In the last 30 years there have been rather striking developments in the law of New Jersey affecting the liability of an occupier of land to licensees and social guests * * *".

■ The foregoing New Jersey authorities establish that in the event of a factual determination by a jury that the defendant had made an agreement with his tenant to install the lighting fixture in such manner as to illuminate the dangerous conditions existing and had negligently performed his undertaking and plaintiff had suffered injuries as a result, the jury's award of damages would be sustained.

Indeed nowhere in his brief does the defendant, as earlier stated, cite any New Jersey cases to the contrary.

On the score of liability he urges, as we earlier pointed out, that in the absence of any provision in a lease to repair, or an express agreement to do so, he cannot be held liable for injuries suffered by the plaintiff. That that is so is evident in his brief. In point II he contends that "In the absence of an express covenant to repair, a landlord who leases the entire premises to a tenant is not responsible to the tenant or her invitees for the alleged ruinous condition of the premises", and in point III, that "A landlord is not liable to a social guest of its tenant for injuries resulting from the breach of a covenant to repair or for nonfeasance as distinguished from misfeasance with respect to repairs actually undertaken".[6]

Neither point, as stated, bears upon the situation presented in this case for here plaintiff asserts that (1) the defendant entered into a specific agreement with his tenant to make the repairs, and (2) he negligently performed his undertaking.

Plaintiff's action (1) is not based upon a ruinous condition existing prior to defendant's specific agreement to make repairs, and (2) it is premised on defendant's "misfeasance" in negligently performing his undertaking.

■ It is clear that defendant's contentions on the score of liability are premised on his position that he never entered into any agreement with his tenant to make repairs as contended by plaintiff, and accordingly they present a

---

6. Point I of defendant's brief is concerned with the procedural aspects below of his motion for summary judgment.

"genuine issue as to a material fact", viz., the existence or nonexistence of an agreement by defendant with his tenant to make repairs, which precluded the entry of summary judgment in this case.

We do not, under the factual situation presented, have to consider whether independent of the existence of the agreement, liability would exist on the part of the defendant to plaintiff because he had negligently made repairs (assuming the jury would find negligence), under the "foreseeability of substantial harm" doctrine discussed in Snyder v. I. Jay Realty Co. and Taylor v. New Jersey Highway Authority, supra.

■ In summary, we are of the opinion that under New Jersey law defendant was not entitled to judgment in his favor "as a matter of law" and that in view of the existence of a genuine issue as to a material fact the District Court erred in granting his motion for summary judgment. The District Court's error on the latter score was compounded by its error in "assuming" the facts to be as stated by plaintiff's counsel in the pre-trial proceedings and at the argument on the motion for summary judgment. Summary judgment proceedings under the Federal Rules of Civil Procedure must be conducted under those rules and not under the Marquis of Queensbury rules. Unless contentions are properly pleaded or presented in the manner prescribed by the Rules or stipulated by the parties they cannot be considered by the trial judge as the basis for an "assumption". Federal courts have always been liberal in allowing amendments to complaints since the Rules have become effective and "short-cuts" via judicial "assumptions" provide too many pitfalls to countenance sanction.

For the reasons stated the Order of the District Court will be reversed and the cause remanded with instructions to proceed in accordance with this opinion.

### On Petition for Rehearing

Before BIGGS, Chief Judge, McLAUGHLIN, KALODNER, STALEY, HASTIE and FORMAN, Circuit Judges.

**PER CURIAM.**

The petition for rehearing of the defendant, Ownership Corporation, is premised in part on its assumption that the reversal of the District Court's Order precludes that Court's further consideration of its motion for summary judgment or a renewal of such a motion. There is no basis for such an assumption. The cause has been remanded with instructions to proceed in accordance with our opinion filed August 11, 1959. On such remand the District Court is free to consider any motion which may be presented to it and to permit such amendments to the pleadings or the filing of such affidavits by either party to the action as it may deem permissible.

The petition for rehearing will be denied.

BIGGS, Chief Judge, and HASTIE, Circuit Judge (dissenting).

Though we concur in the result reached in the majority opinion we fear that some of the language in it could have an unfortunate effect on pretrial procedure. Unfortunate inferences can be drawn from the words used which, we believe, go beyond the requirements of this case.

Rule 16, subsection (6) provides that a pretrial order "controls" the subsequent course of the action, not only framing the issues but also fixing concessions made by the parties in the record. See Owen v. Schwartz, 1949, 85 U.S.App. D.C. 302, 177 F.2d 641, 642–644, 14 A.L.R.2d 1337; 3 Moore's Federal Practice, Paragraph 16.02 n. 3, 16.19; and Atwood v. Humble Oil & Refining Co., 5 Cir., 1957, 243 F.2d 885, 889. The language employed by the majority denigrates the proposition that under Rule 16 facts may be agreed upon and that concessions and allegations made at pretrial are binding on the parties and constitute the basis on which the case must be tried.

On this issue we are particularly disturbed by the language of the opinion which states, "The District Court's error" in finding that there was no genuine issue as to material facts "was com-

**274**

pounded by its error in 'assuming' the facts to be as stated by plaintiff's counsel in the pre-trial proceedings * * *." This is a statement that facts conceded and embodied in a pretrial order cannot be the basis of a summary judgment. If this has become the law the effect of those potent instruments, the pretrial conference and the pretrial conference order, will be largely obliterated. We are of the opinion that the ruling quoted is erroneous.

The ruling quoted is to the effect that a trial court cannot assume controverted facts against the movenant in deciding a motion for summary judgment. If a trial court cannot do this a demurrable complaint may be allowed to stand and an unnecessary trial ensue. Considerable emphasis is placed on this ruling which is unnecessary to decide the case at bar.

For these reasons we dissent from the refusal of the court to grant rehearing before the court en banc, in order that the ground of decision may be appropriately narrowed.